DZEMA *v.* THE PITTSBURGH & LAKE ERIE RD. CO. ET AL.

(Decided November 5, 1928.)

*Messrs. Payer, Minshall, Karch & Kerr,* for plaintiff in error.

*Messrs. Wilson, Hahn & Wilson,* for defendants in error.

LEVINE, J. In the trial court, after the case proceeded to a hearing on the merits, various defendants named in the action were dismissed from the case, and, at the close of all the plaintiff's testimony, other defendants having been dismissed from the case, it stood as an action by plaintiff against one defendant only, namely, the Pittsburgh & Lake Erie Railroad Company. The remaining defendant thereupon moved to dismiss the action as to it, by reason of the court's lack of jurisdiction over defendant.

The defendant relied upon Section 11282, General Code, which permits service of summons against a nonresident of the county, if the action is rightfully brought against another of the joint defendants named in the petition, and it was argued that, since no cause of action was proven against any of the other resident defendants, the trial court is therefore without jurisdiction to proceed with the action against such nonresident defendant. The trial court sustained the motion and dismissed the case against the Pittsburgh & Lake Erie Railroad Company for lack of jurisdiction over its person. Error is prosecuted to this ruling of the common pleas court. It is contended in behalf of the plaintiff in error that, when an action is brought in good faith against joint defendants, some of whom are

residents of Cuyahoga county, and others of whom are nonresidents of the county, certain acts and steps taken by the nonresident defendants will be construed under the law as a waiver and a submission to the jurisdiction of the common pleas court of Cuyahoga county.

It is conceded in this case that the allegations of the petition set forth a cause of action in which all the defendants, resident and nonresident, are rightfully joined, that, in so far as it appears from the face of the petition, there is no lack of jurisdiction in the common pleas court of Cuyahoga county to proceed against all the defendants, including the Pittsburgh & Lake Erie Railroad Company, nonresident of this county.

In the case of *Drea* v. *Carrington,* 32 Ohio St., 595, this matter is under discussion, and it is therein held:

"1. An action to recover damages under an act requiring compensation for causing death by wrongful act, neglect, or default (2 S. & C. 1139), may be brought in any county in the state where the defendant, or any one of the defendants, resides or may be served.

"2. In such case, where there are several defendants, against all of whom good cause of action is alleged, some of whom are served in the county, and others reside and are served in another county than that where the suit is brought, the validity of the service of summons in such other county, and the jurisdiction of the court over the persons of the nonresident defendants, depends upon the truth of the allegations of the petition.

"3. Where the allegations of the petition upon

its face make a case in which all the defendants are rightfully joined, and service is made on one or more in the county where the suit is brought, and on the others in another county, the question of the jurisdiction of the court over the persons of the defendants served in such other county, must be raised by answer, under Sections 87 and 89 of the civil code.

"4. Where the nonresident defendants file a motion to dismiss for want of jurisdiction over them. and support it by a verified answer, as provided by Section 89 of the civil code, traversing the allegations of the petition, by showing that such nonresidents are not rightfully joined as defendants, the issue of fact thus presented, in an action for the recovery of a money judgment, is one which either party has a right to have tried by a jury.

"5. In such a case, it is error for the court, without the assent of the parties, to hear and determine this issue."

In the opinion, on page 603, the court said:

"Where a resident and a nonresident of the county are sued as joint contractors, and service is made on the latter in his own county, and on the trial it turns out that the resident defendant is not liable, judgment can not be rendered against the nonresident, because the jurisdiction of the court over his person depended on his being rightly joined with the resident defendant, and as the verdict found he was not liable, there was no authority to summon the nonresident to answer out of the county where he was served.

"In the last two cases, like the one at bar, the jurisdiction of the court over the nonresident de-

fendants depended upon the facts in issue, which could only be determined in the usual way."

In that case the jurisdiction of the court is challenged by a specific allegation in the answer, and it is therein held that in such event the question of jurisdiction becomes an issue of fact to be determined by the jury and not by the court.

It is quite clear from the above statement of the law that the defendant, the Pittsburgh & Lake Erie Railroad Company, nonresident of this county, was in no position to legally object to the jurisdiction of the court until it had been determined that there was no cause of action against any of the resident defendants.

The latest pronouncement of the Supreme Court of Ohio relating to this subject is the case of *Bucurenciu* v. *Ramba,* 117 Ohio St., 546, 159 N. E., 565. We quote from the syllabus as follows:

"1. Where the question of the jurisdiction of the court over the person of the defendant is one of fact, not appearing upon the face of the record, objection made thereto by answer of the objecting defendant as his first act in the case is objection at the first opportunity, and saves an exception to the jurisdiction.

"2. Where the jurisdiction of the court to acquire jurisdiction over the person of the defendant by service of summons in a foreign county appears only by the allegations of the petition, a general denial filed by such defendant challenges such jurisdiction, and under such general denial such defendant may at the same time and throughout the trial question both the jurisdiction and the merits of the cause."

In the opinion of the court, at page 549 (159 N. E., 566), the following pertinent language appears:

"The general rule seems to be that when the defendant becomes an actor in the case, without objecting to the jurisdiction, he enters his appearance in the case and may not thereafter object to the jurisdiction over his person. But the application of that rule does not aid in the determination of this case, since the question whether he objected to the jurisdiction must be determined by the effect of the general denial, and upon that subject the general rule seems to be that * * * 'where the lack of jurisdiction does not appear on the face of the record, the defendant may unite a plea to the jurisdiction with his other defenses without waiving his right to insist on the lack of jurisdiction of the court.' 2 Ruling Case Law, 331."

Quoting further from the court's opinion:

"The general denial answer, being effective to put the plaintiff upon proof of the essential averments of her petition, and the averment of joint liability being one of the essential averments thereof, it was a direct challenge to the jurisdiction."

We have examined the record in order to determine whether any steps were taken by defendant, the Pittsburgh & Lake Erie Railroad Company, nonresident defendant, which would in law amount to a waiver of the jurisdictional question and a submission to the jurisdiction of the common pleas court of Cuyahoga county.

It appears that the original petition was filed on May 29, 1926, against certain named defendants, to wit, the McClintic Marshall Company, the New York

Central Railroad Company, and the River Terminal Company, all of whom were residents of the county of Cuyahoga. Proper service was obtained upon these three corporations, and answers were filed by them. Almost a year later, on March 14, 1927, leave was granted to plaintiff to file an amended petition instanter, making new parties defendant. The new parties joined as defendants in this case were the Pennsylvania Railroad Company, upon whom service was secured in Cuyahoga county, and the Pittsburgh & Lake Erie Railroad Company, the defendant in error herein, which, being a nonresident of Cuyahoga county, was served in Mahoning county by virtue of Section 11282, General Code, on the ground that it was jointly liable in tort with the other defendants, residents of Cuyahoga county, where suit was brought.

On May 11, 1927, the answer of the Pittsburgh & Lake Erie Railroad Company was filed, said answer being a general denial. Thereafter a stipulation signed by the attorney for plaintiff in error herein was obtained, permitting the Pittsburgh & Lake Erie Railroad Company to file an amended answer. This amended answer, together with the stipulation, was filed with leave of court on July 7, 1927. This amended answer entered a general denial of all the allegations of plaintiff's petition upon which claims were predicated as against the Pittsburgh & Lake Erie Railroad Company. The case went to trial on the pleadings and the evidence, and after the trial had been in progress for some time, it was discovered that plaintiff had made a mistake in the name of the principal defendant in the case, to wit, the McClintic Marshall Company, of Cuyahoga county,

when the real fact was that the company to be sued should have been the McClintic Marshall Construction Company, a Pennsylvania corporation. The McClintic Marshall Company, principal defendant, was thereupon dismissed from the action. As the case proceeded further, it appeared that there was no cause of action against either the New York Central Railroad Company or the Pennsylvania Railroad Company, and accordingly these two railroad companies were dismissed from the action and the trial proceeded against the two remaining defendants, to wit, the River Terminal Railroad Company and the Pittsburgh &. Lake Erie Railroad Company.

At the close of all plaintiff's testimony it appeared that the plaintiff had failed to show any cause of action against the River Terminal Railroad Company, and the court thereupon directed a verdict in its favor. At that stage of the case, the only remaining defendant was the Pittsburgh & Lake Erie Railroad Company, nonresident of Cuyahoga county.

It was at this point that defendant, the Pittsburgh &. Lake Erie Railroad Company, moved that the action against it be dismissed for lack of jurisdiction over its person.

From this recital of the steps taken in the case, we fail to see, under the ruling of the Supreme Court of Ohio, above set forth, wherein the defendant, the Pittsburgh & Lake Erie Railroad Company, did anything which would in law constitute a waiver and a submission to the jurisdiction of the court. Quite the contrary, it appears to us clear that every step taken by it was in accordance with the law laid down by the Supreme Court of Ohio.

We find no error in the judgment of the common pleas court, and the same will therefore be affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and VICKERY, J., concur.

VICKERY, J., concurring. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county. The case was originally started against several defendants, among whom was the New York Central Railroad Company, the Pennsylvania Railroad Company, the McClintic Marshall Company, the River Terminal Railway Company, and the defendant in error, the Pittsburgh & Lake Erie Railroad Company, for damages alleged to have occurred to the plaintiff in the yards of the McKinney Steel Company, Cuyahoga county, Ohio. Service was made upon the various defendants, and summons was sent to the sheriff of Mahoning county. A summons was properly served out of the county upon the Pittsburgh & Lake Erie Railroad Company, the only defendant that was finally left in the case, for during the trial all the other defendants had been let out, apparently because there was no liability against them, although there was an allegation in the petition that they were joint tortfeasors in the commission of the act for which suit was brought. The McClintic Marshall Company was not properly named, and therefore it was voluntarily dismissed from the case. That left the action alone against the Pittsburgh & Lake Erie Railroad Company, and at the close of the plaintiff's testimony, at the instance of the Pittsburgh & Lake Erie

Railroad Company, it was dismissed from the action on the ground that the court had no jurisdiction over said railroad company, and judgment was entered in favor of the defendant, the Pittsburgh & Lake Erie Railroad Company. It is to reverse that judgment that error is prosecuted here.

It seems that we are compelled to affirm the judgment of the court of common pleas upon the authority of the case of *Bucurenciu* v. *Ramba,* 117 Ohio St., 546, 159 N. E., 565, decided December 21, 1927, where it seems the precise question has been decided by our Supreme Court, although the writer cannot desist from questioning the soundness of that decision. From an analysis of the case last above referred to, it will be seen that the case is on all fours with the instant case, but the opinion of that court was based upon the case of *Dunn* v. *Hazlett,* 4 Ohio St., 435. An examination of that case will convince one that the cases are not parallel and that the *Dunn case* is not an authority in point. In the *Dunn case,* 4 Ohio St., 435, an action was brought by the plaintiff against two defendants upon a joint contract, and service was made upon one in the county of his residence, and service was made upon Dunn, the other defendant, outside of the county. In order to hold either of these parties, inasmuch as they were sued on a joint contract, both must be held, or neither, because the contract alleged was a joint contract, and a proof of a contract against one of them alone would not correspond with the pleadings. In that case the defendant Dunn filed what is called a "general issue." I do not know whether he set up that he was not a joint contractor, or that he was not a partner, or whether it was just a general de-

nial, as the pleadings are not available, but upon the trial of that issue the court found there was no joint contract, and directed a nonsuit in favor of both defendants, and that would have to be done even though there was an individual contract made by Dunn, and even though service had been made upon him in the county where the suit was brought. Then upon motion of the plaintiff the nonsuit was set aside. The plaintiff then dismissed his action against the resident defendant and filed an amended declaration alleging an individual contract with Dunn, thus changing the issues entirely, and a motion was made by Dunn to dismiss proceedings against him on the ground that no service had been made upon him in the county in which the suit was brought, and that he was a resident of another county. The court overruled this motion, an exception was taken, and then Dunn filed a general denial. A trial was had and a judgment was rendered against Dunn. A motion in arrest of judgment was made and overruled, and error was predicated upon the overruling of the motion to dismiss and the subsequent proceedings, and the Supreme Court in that case held that the filing of the general denial in the first instance did not enter his appearance; and that case is the basis of the decision in the case of *Bucurenciu* v. *Ramba.*

Now, as already pointed out, there was a complete failure not only against one, but against both, in the original suit, which the defendant answered, because it was on a joint contract, and there was proof that it was no joint contract, and therefore, whether service was obtained upon Dunn within the county or not, judgment could not be entered against either;

and then the plaintiff had the nonsuit set aside; and the court was wrong in setting it aside. The plaintiff then dismissed his action against the resident defendant and filed an amended declaration against Dunn alone upon his individual contract, and, of course, no summons had been served upon him in the county and he took the earliest opportunity to raise the question of jurisdiction by a *motion,* which was proper as the case then stood, and it should have been granted, and the Supreme Court, in 4 Ohio State, was absolutely right; but I cannot see how that is an authority for the decision in the *Bucurenciu case,* for it must be remembered that in that case the parties were sued in Mahoning county, the petition alleging the defendants to be joint tort-feasors, and service was made upon the resident defendant in Mahoning county, and the defendant Cohen was brought in by service out of the county, and Cohen, thus brought into court, answered by a general denial, and *that* does not *necessarily* raise the question of jurisdiction. A general denial only traverses the things that are set forth in the petition, and it was not necessary to set forth the fact that this person was a nonresident of the county; nor does it appear that such an allegation was in the petition, or anything that would raise the question of jurisdiction; but the case at bar, the writer of this opinion will admit, is within the ruling laid down by the Supreme Court in the *Bucurenciu case.*

Now it must be remembered that a suit on a joint contract, like that in 4 Ohio State, and a suit against joint tort-feasors, are not parallel. A suit may be brought against joint tort-feasors and a recovery had against each or any of them, but that is not so

in a joint contract; the judgment must be against all or none. Now the court, it seems to me, begs the question when it says that the general denial is a plea to the jurisdiction. The authorities all seem to hold that the question of jurisdiction may be raised either by a motion or by an answer, and, where it cannot be raised by a motion, and it is conceded by both parties it could not be in the instant case, it seems to the writer of this opinion that an answer should have been filed setting up the fact that this was not a joint liability, that they were not joint tort-feasors, and that the defendant in question was a nonresident of Cuyahoga county, and that there had been no service made upon it in Cuyahoga county, and request made that it go hence for the want of jurisdiction, as was done in *Drea* v. *Carrington*, 32 Ohio St., 595, where the jurisdiction was attacked both by motion and by answer raising the jurisdictional question (and it was not by general denial), the Supreme Court holding that this answer raised an issue of fact which was triable to a jury; at the same time holding that, where the petition set up a joint liability, the jurisdiction over a defendant served outside of the county could not be reached by motion. In the instant case the defendant could have gone on and filed, in addition to the allegations in the answer setting up the want of jurisdiction, a plea of general denial, or any specific defense he might have had, and it would have been the duty of the court to have heard the question of jurisdiction first, and evidence could have been taken and the issue of jurisdiction submitted to the court or jury. See 32 Ohio State, *supra*. Then if it was found that this defendant was not within the county and there was no joint liability, the court or jury,

of course, would have to have found in his favor. That would have ended the lawsuit so far as he or it was concerned.

Now to say that the plea of general denial is a plea to the jurisdiction is begging the question. It is an entry of appearance, for a party might well waive the jurisdictional question as to person and voluntarily enter its appearance, and I think the books are filled with cases to the effect that the filing of a pleading where not to the jurisdiction of the court is an entry of appearance, even where that pleading is a plea of general denial only, for it has been held that a plea of general denial is an entry of appearance, and, even though the case would fail against the other defendants, if this particular defendant was rightfully in court, not having raised the question of jurisdiction except by a plea of general denial, the writer thinks, but for the decision of the Supreme Court heretofore referred to, the court had acquired jurisdiction over the defendant in question by its voluntary acts.

It seems to the writer of this opinion that that is in accord with the decision of our own Supreme Court in the case of *City of Elyria* v. *Meacham,* decided by the Supreme Court, 113 Ohio St., 139, 148 N. E., 689, where exactly the same question was raised, the New York Central having been left out of the case; and there the Supreme Court reversed the common pleas court and the Court of Appeals on the merits, and not for want of jurisdiction over the city of Elyria.

In a case recently decided, involving the right of a justice of the peace to sit in a liquor violation case where the justice's compensation was a part of the fine and costs, which would bring it within the

*Tumey case* decided by Judge Taft of the United States Supreme Court (*Tumey* v. *State of Ohio,* 273 U. S., 510, 47 S. Ct., 437, 71 L. Ed., 749, 50 A. L. R., 1243), it was held that a plea of "not guilty" did not raise the question of jurisdiction of the court over the person of the defendant. The plea of not guilty is just as broad as a general denial, and the question of the jurisdiction of the court over the person, the court having jurisdiction of the subject-matter, must be raised, as Judge Taft held, and as Judge Marshall in his opinion in the case of *Tari* v. *State,* 117 Ohio St., 481, 159 N. E., 594, held, affirming the Court of Appeals of Cuyahoga county, that in order to avail oneself of want of jurisdiction of the justice it must be raised in the first instance, and if it had not been raised as it was in the *Tumey case,* the court would have had jurisdiction.

I cite these cases to show that a plea of not guilty does not raise the question of jurisdiction, if the court had jurisdiction over the subject-matter, and it must be admitted that the court had jurisdiction of the subject-matter in the instant case, and, but for the opinion of the Supreme Court, which we deferentially follow, we should be called upon to reverse the judgment in the instant case, for the writer of this opinion at least would have thought that the court had full jurisdiction to determine this issue; but, in view of that decision, however, we can do nothing other than to affirm the decision of the common pleas court.

I have written this much with all due deference to the opinion of the Supreme Court and the learned judge who wrote it, because it seems so contrary to all the authorities upon how the question of jurisdiction may be raised. The judgment will nevertheless be affirmed.