SCOTT ET, PLAINTIFFS-APPELLEES, *v.* DAVIS ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Second District, Miami County.

No. 574. Decided June 22, 1961.

*Messrs. Faust & Harrelson*, for plaintiffs-appellees.
*Messrs. McCulloch, Felger & Fite*, for defendants-appellants.

CRAWFORD, P. J.   Defendant-appellant, Central Plumbing Company, formerly known as The Peters Plumbing Company, appeals on questions of law from a judgment against it for $3,394.83 damages from defective installation of a heating system in plaintiffs-appellees' residence.

The single assignment of error is directed to the "Refusal of the trial court to sustain motion of defendant-appellant, The Peters Plumbing Co., now Central Plumbing Co., a non-resident defendant, to dismiss it upon the resident defendant, Fred Davis, being dismissed at the conclusion of the plaintiffs' case."

Plaintiffs-appellees, owners of real estate in Miami County, entered into an agreement with one Fred Davis, a resident of Miami County, who agreed to construct a dwelling upon the premises.   They subsequently entered into an agreement with the defendant-appellant, The Peters Plumbing Co., an Ohio corporation, with its principal place of business in Dayton, Montgomery County, Ohio.   Defendant agreed to install a radiant panel heating plant in the dwelling for a stipulated price.

The agreement with Davis provided that he was to have charge of and direct the complete construction of the dwelling, for which he was to be paid all amounts expended by him for labor and materials plus fifteen per cent of such cost, including the cost of direct contracts such as that between plaintiffs-appellees and defendant-appellant.

Joined as defendants in this action for damages for defects in the heating system were Davis, a resident of Miami County, and the defendant-appellant.   The latter was served with summons at its place of business in Montgomery County.   Also joined as defendant was a materialman who was subsequently dismissed and has no part in this appeal.

At the close of plaintiffs-appellees' evidence defendant Davis moved for the dismissal of the cause of action against him. This motion was sustained, the court ruling that the evidence showed that plaintiffs-appellees and defendant-appellant entered into a separate contract which provided for heating specifications contrary to those agreed to between plaintiffs-appellees and Davis; that this constituted a breach on the part of the plaintiffs-appellees of their contract with Davis, and excused him from liability.

Defendant-appellant thereupon moved for dismissal of the cause of action against it. Its present contention is that Davis and it were joint contractors, and as such were joined as defendants, and that when Davis was dismissed because of no liability, the Miami County court lost jurisdiction of defendant-appellant as a joint contractor and non-resident of the county.

Plaintiffs-appellees contend that defendant-appellant submitted itself to the jurisdiction of the court. Defendant-appellant urges the proposition that the lack of jurisdiction over it does not appear on the face of the petition or of the amended petition, so that by its answer, containing a general denial, it raised the question of jurisdiction at the earliest possible time, and that although it simultaneously alleged other defenses, it did not thereby submit itself to the jurisdiction of the court. An impressive list of citations accompanies this argument. *Drea* v. *Carrington*, 32 Ohio St., 595; *Bucurenciu* v. *Rambo*, 117 Ohio St., 546; *Glass* v. *McCullough Transfer Co.*, 159 Ohio St., 505; *Dæema* v. *P. & L. E. R. R. Co.*, 31 Ohio App., 288.

The answer of this defendant to the amended petition admitted its incorporation and location, the nature of its business, the contract with the plaintiffs, alleged that the heating system was installed by it under the supervision of Fred Davis, that it inspected the house upon the plaintiff's complaint and denies responsibility for any damage.

It continued with a general denial as a first defense. As a second defense it alleged: That "(1) the petition herein filed against it does not state a cause of action against this answering defendant; (2) the alleged action was not commenced against this defendant within the period prescribed by law; and (3) there is a misjoinder of parties defendant."

The defendant-appellant had filed a general demurrer to the original petition containing the following three grounds:

"1. That the petition does not state facts which show a cause of action against this defendant.

"2. That the action was not brought within the time limited for the commencement of such action.

"3. That there is a misjoinder of parties defendant."

The demurrer makes no mention of jurisdiction, although the third ground bears a relation to that subject. This demurrer was overruled.

Such a demurrer effects the appearance of the party filing it.

"1. The filing by defendant of a general demurrer to a petition, in which demurrer he fails to make any reservation as to the court's jurisdiction over him, is an entry of appearance and a waiver of his right to object on the ground of jurisdiction over his person." *Adams* v. *The Hollow Rock Mining & Transportation Co.*, 108 Ohio St., 358.

In the course of the opinion in *McClees* v. *Brotherhood of Locomotive Engineers*, 59 Ohio App., 477, the court said (p. 480),

"The demurrer to the petition, it will be remembered, not only attacked the petition upon the ground that the court had no jurisdiction of the person, but also upon the ground the petition stated no cause of action, and defect of parties defendant, and the running of the statute of limitations . . . .

"In the instant case, in its demurrer to the original petition, the defendant not only raised the question of jurisdiction over the person, but also attacked the merits of the petition upon three grounds. It, therefore, entered its appearance for all purposes and if it was capable of being sued, it was before the trial court and this court for all purposes."

Various legal treatises are in accord:

"* * * A defendant which not only raises the question of jurisdiction over the person by its demurrer but also attacks the merits of the petition upon other grounds enters its appearance for all purposes." 2 Ohio Jurisprudence (2d), 514, Appearance, Section 15.

". . . In order to avoid entering a general appearance by filing a demurrer, the demurrer must be based solely upon an

objection to the lack of jurisdiction over the person, appearing upon the face of the record. A demurrer on the grounds that the court has no jurisdiction and that the pleading does not state a cause of action is a general appearance." 3 American Jurisprudence, 791, Appearance, Section 15.

"Ordinarily a demurrer based solely upon lack of jurisdiction is not a general appearance, but if such a demurrer is filed with a general demurrer there is a general appearance . . . .

"The effectiveness of a demurrer as a general appearance is not impaired by reason of the fact that the demurrer as such is insufficient, is subsequently withdrawn by leave of court, as hereinafter noted in Section 28, or is overruled, or stricken from the files . . . ." 6 Corpus Juris Secundum, 25, Appearance, Section 12.

By the same token, the defendant-appellant's appearance in this case having been entered in response to the original petition, that appearance must be held to continue after the filing of the amended petition wherein the cause of action against this defendant and the prayer remain the same.

The amended petition was obviously filed in response to the sustaining of one branch of a general demurrer of the defendant, Davis, for failure in the original petition to state a cause of action against him.

Now these contrasting rulings of the court in sustaining the general demurrer of the defendant Davis for failure to state a cause of action against him, and the overruling of a general demurrer of the defendant-appellant including a similar ground, is the first differentiation made by the court between the situations of the two defendants, Davis and the plumbing company.

They were further distinguished in the decision of the court overruling appellant's motion for dismissal after the dismissal of Davis. That decision was incorporated by reference in the entry journalizing it. Davis was dismissed on the ground that plaintiffs had themselves committed a breach of the agreement with Davis by entering into a contract directly with defendant, providing different specifications for the heating plant from those originally provided in the agreement between plaintiffs and Davis. In other words, the agreement with defendant in this respect was held to be a violation by plaintiffs

of their agreement with Davis. This ruling dismissing Davis is not before us on appeal.

How then can Davis and defendant be considered joint contractors? It is our view that the evidence does not show them to be such, and the court did not treat them as such, regardless of certain language to the contrary. Their respective rights, duties and obligations differ, and are contained in separate agreements entered into at different times. Hence the dismissal of Davis does not require dismissal of the plumbing company.

It is our conclusion, therefore, that the appellant and Davis were not joint contractors, but that defendant-appellant entered its appearance in the case.

The sufficiency of the evidence to support the judgment against defendant is not argued, but appears adequate.

The judgment will be affirmed.

KERNS and SHERER, JJ., concur.