**LABAK v GRAZNAR et**

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 22, 1935

Paul D. Weber, Canton, for plaintiff in error.

Michael W. Ross, Canton, for defendants in error.

**OPINION**

By SHERICK, J.

This is an action in equity for an injunction, and comes into this court by a proceeding in error, wherein the defendant below, John Labak, complains of the judgment of the trial court in overruling his demurrer to the petition of the defendants in error, Joseph Grazner and others. The plaintiff in error not desiring to further plead was perpetually enjoined. The petition in substance alleges the following:

That on January 19, 1935, Labak commenced an action in a Czechoslovakian court against the Graznars, wherein he sought to recover of them $464.08 for a grocery account; that on February 26th thereafter the Graznars were served by registered mail with a Consular document equivalent to a summons to appear and answer by March 8th; that they reside in Stark County, Ohio, and that it is impossible for them to make their appearance and answer in that foreign jurisdiction within time. It is averred, further, that they have no adequate remedy at law enabling them to procure a continuance of that suit.

As a second cause of action it is pleaded that all parties to this suit reside in and have their regular domicile in Stark County, Ohio; that such was true on the 1st day of January, 1935, and is now true as

of the date of filing of this petition, which is March 12th. It is further averred that inasmuch as all parties are domiciled in Ohio, these plaintiffs could be sued in no other jurisdiction than Ohio.

As a third cause of action it is said that on March 25, 1932, Joseph Graznar filed a petition in bankruptcy in the Federal District Court of the United States for the Northern District of Ohio, and that the account of John Labak for groceries in the sum of $464.60 was therein listed as a provable claim against his estate. On August 20, 1932, Joseph Graznar procured his discharge in that court as a bankrupt and was thereby completely discharged of the Labak obligation. It is stated that he, Joseph Graznar, has no means at law, within the time available, to set up his discharge as a defense to the action in Czechoslovakia.

As a fourth cause of action it is averred that all of the plaintiffs are one family residing together, and that he, Joseph Graznar, is the sole and only support of the family, that he purchased groceries from Labak in his own name, and that he only was charged therefor, that the other three plaintiffs never contracted with Labak to purchase these groceries, and that when Labak began his suit in Czechoslovakia, all parties at the time residing in the city of Canton, he attempted to and did perpetrate a fraud upon them. That his forum was and is in Stark County, and that they have no redress at law for this fraud save by this suit.

It is prayed that Labak be enjoined from further prosecuting his action in the courts of Czechoslovakia, or further litigating his claim against them other than in the courts of Stark County, Ohio, and that he be ordered to cancel, dismiss, discharge and vacate any proceedings or orders or judgments heretofore obtained in Czechoslovakia.

As stated in 14 Ruling Case Law 412 and 418, Injunctions, §§113 and 121, it is a well established principle, that where a party to a suit is personally within the jurisdictional limits of a judicial ▬▬▬▬ tribunal, that court upon proper showing may enjoin him from prosecuting an action in a sister state or foreign country against another resident of his own domicile. The court in such an instance is not attempting to exercise control or supervision over the foreign court, but its power and jurisdiction repose in the inherent authority vested in a court of equity to exercise supervision over persons within the limits of its jurisdiction and to restrain them from doing unconscionable and inequitable acts that would injure another, and to compel those domiciled within its jurisdiction to respect its laws even beyond its own territorial limits. The fact that such a suit has already been commenced in a foreign court should and does not abridge this rule of natural justice, but only necessitates, perhaps, that a court exercise exceeding care with full realization of those acts of international courtesy between courts and their like desire to do equity between litigants.

The demurrer interposed to the petition of the defendants in error admits the truth of all facts that are well pleaded. Plaintiff in error therefore concedes it to be true that Joseph Graznar has by his discharge in bankruptcy been relieved of liability for Labak's account for groceries which were purchased only by him, and charged to his individual account. It is further admitted that the three remaining defendants in error are not now and never were responsible for the payment of his account. Under the undisputed facts as evidenced by these pleadings Labak has no assertable claims as against any defendant in error, for each and all have a concededly full and complete defense.

To permit Labak to prosecute his claim in a Czechoslovakian court is to countenance the perpetration of a gross fraud. If Labak is allowed to proceed to final judgment in Czechoslovakia, he might next resort to and relitigate his claim in a court of any other sister state or foreign country which might entertain jurisdiction, and the defendants in error thus be dragged by a foreign court to the ends of the earth to defend only upon the rule of res judicata.

Otherwise considered the plaintiff in error's suit abroad can conceivably be for no other purpose than to evade the laws of Ohio, where he is domiciled. By reason of great distance and dispatch advantage is sought to be taken of the defendants in error. Plaintiff in error trusts that his selected foreign forum will not recognize the local force and effect of a discharge in bankruptcy. Such a practice has been frowned upon ▬▬▬▬ by the Supreme Court of this state in Snook v Snetzer, 25 Oh St, 516. So sixty years ago we find it held:

"A citizen of this state may be enjoined from prosecuting an attachment in another

state, against a citizen of this state, to subject to the payment of his claim the earnings of the debtor, which, by the laws of this state, are exempt from being applied to the payment of such claim."

We do not propose to cite a great number of authorities which subscribe to the rule here applied, but shall content ourselves with a few of the more recent cases. In O'Haire v Burns, 45 Colo., 432, 101 P., 755, 25 L.R.A. (N.S.), 267 (see also the note appended to the last indicated report of this case) we find practically a parallel case to the one at bar. In a portion of its syllabus it is said:

"A citizen of Colorado will be enjoined from prosecuting in another state an action against another citizen of this state upon an alleged cause of action already finally adjudicated in the courts of this state."

Ex parte Crandall, 53 F. (2d), 969, in which a writ of certiorari was denied (see Crandall v Habbe, Sheriff, 285 U. S., 540, 52 S. Ct., 312, 76 L. Ed., 933) holds:

"Well-recognized subject of equity jurisdiction is, under proper facts, restraining state's residents from beginning or prosecuting suits in another state.

"Federal Employers' Liability Act does not exempt citizen from exercise of equitable jurisdiction to prevent harassment, oppression, or fraud by restraining citizen from suing in foreign jurisdiction."

A still more recent case, State ex N. Y. C. & St. L. Rd. Co. v Nortoni, Judge, 331 Mo., 764, 55 SW (2d), 272, 85 A.L.R., 1345, is in point, the first syllabus of which reads:

"A court of equity in a 'proper case' may enjoin a person from prosecuting a suit in a foreign jurisdiction; by proper case is meant that the party seeking an injunction must make a clear showing that it would be inequitable, unfair and unjust to permit the prosecution of such suit."

Finding no error in this judgment in the respects complained of the same must be and is affirmed.

Judgment affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.