### REDECKER v MUNSON et

Ohio Appeals, 2nd Dist, Fayette Co

No 231. Decided April 6, 1937

E. L. Bush, Washington Court House, for plaintiff, appellee.

John C. McCarthy, Cincinnati, for defendant appellant, Alfred Y. Munson.

### OPINION

GEIGER, J.

The plaintiff below filed his petition, alleging that he had recovered a judgment against Alfred Y. Muson, in the sum of $386.00, by consideration of the Municipal Court of the City of Cincinnati; that said judgment was in full force and unsatisfied and that two executions had been issued, both returned unsatisfied.

It is further alleged that Alfred Y. Munson had to his credit in the Ohio State Bank of Washington C. H., Ohio, at the time it was taken over for liquidation, certain deposits in the sum of $8,000.00; that S. H. Squire is the duly appointed and acting Superintendent of Banks. The prayer is that Alfred Y. Munson be required to set forth his defense and that S. H. Squire be required to set forth the amount of the claim of the defendant against the Bank and the amount of dividends paid thereon, and that the interest of Alfred Y. Munson be ordered paid to plaintiff to the amount of his judgment.

Upon the filing of this petition a sum-

mons was issued to the Sheriff of Fayette County for S. H. Squire, Superintendent of Banks, in charge of the liquidation of The Ohio State Bank of Washington C. H. The return shows that the Sheriff served the Superintendent by service upon M. H. Smoke, agent in charge of liquidation. A summons was issued to Hamilton County for Alfred Y. Munson and returned as "served personally", and at a later time a summons was issued to the Sheriff of Hamilton County for Anna Munson, and returned showing a residence service.

It was argued before the court that as the defendants, Alfred Y. Munson and Anna Munson, as well as the plaintiff, all resided in Hamilton County the court of Common Pleas of Fayette County had no jurisdiction over the defendants or of the cause of action, and that they could not be served in Hamilton County.

It was further urged that the evidence in the case showed that at the time of the filing of the petition the defendant, Alfred Y. Munson, had assigned all his interest in his bank account to his wife, Anna Munson, in payment of obligations due from him to her, and further, that there was no showing that the defendant, Alfred Y. Munson, was insolvent and did not have other property subject to levy on execution.

The action is based upon §11760 GC, which provides that when a judgment debtor has no property subject to levy on execution sufficient to satisfy the judgment, any equitable interest he has in a banking company or in a money contract or chose in action or money that he has in the possession of any other person shall be subject to the payment of the judgment by action.

It was urged by the defendant that his interest in the money did not entitle plaintiff to file suit in Fayette County because both he and his wife were residents of Hamilton County, and that §11277 GC provides that "every other action" must be brought in the county in which the defendant resides or may be summoned, with certain exceptions therein stated. He also claims that the Superintendent of Banks was a resident of Franklin County and should have been served there.

Many cases are cited by defendant, claiming to substantiate his position, among them: Maloney v Callahan, 127 Oh St 391; Agricultural Society v Brenner, 122 Oh St 560; Berey v Black, 100 Oh St 73; Meeker v Scudder, 108 Oh St 423; Steamboat v Long, 18 Oh St 521; Labak v Graznar, et al, 54 Oh Ap 196, 23 Abs 57, 6 N E (2nd) 790.

We shall not comment upon these cases in detail but feel that a careful reading will not sustain the position of the appellant, but rather that of the appellee.

The action was properly brought in Fayette County. Whether or not the service on S. H. Squire was properly made by the Sheriff of Fayette County by service upon the Superintendent in charge, or whether or not the Superintendent was, for the purpose of service, a resident of Franklin County is of no consequence for the reason that, as shown by the record, the Superintendent promptly filed an answer, disclosing the fact that the defendant had to his credit a deposit of $8,000.00. This defendant had a right to file his answer and subject himself to the jurisdiction of the Fayette County Court. Much of the argument for the defendant, in our opinion, might have been avoided had counsel examined closely the transcript of the docket and journal entries, and the papers filed in the case.

On September 3, 1935 the defendant, Alfred Y. Munson, filed an answer in which he admitted the recovery of the judgment but stated that as far as the money on deposit in the bank was concerned the same was transferred to Anna Muson, and that he had no right in the same and that if he did the same would be exempt from execution. The plaintiff filed a reply to this answer on September 8, 1935. The defendant, Anna Munson, having been made party defendant, was served with summons, and appearing for the purpose of the motion only, moved the court to strike the plaintiff's amendment to his petition and to quash the return of summons, for the reason that there was no authority in law for issuing said summons. This motion was overruled. On June 12, 1936 the defendant, Alfred Y. Munson, filed an amended answer, wherein he asserted his alleged "former" objection to the jurisdiction of the court and again called the court's attention to the fact that the plaintiff and the two defendants are all residents of Hamilton County. Anna Munson filed an answer setting up the assignment of the claim and alleged that the various parties are non-residents of Fayette County. The plaintiff filed a reply to the second answer of Alfred Y. Munson and to the answer of Anna Munson.

The action provided for in §11760 GC was brought in Fayette County. ,

"An action in the nature of a creditor's bill may be brought in a county where personal property and other equitable interests of the defendant are found, although the defendant is a resident of another county, and is served with summons therein." Dwelle v Hinde, et al, 18 O C C R 618. See also 40 O J 1171, §18.

Aside from this it is quite apparent that Alfred Y. Munson submitted himself to the jurisdiction of the court by filing his answer on September 3, 1935. The fact that he filed another answer on June 12, 1936, wherein he asserted his alleged former objection to the jurisdiction of the court did not terminate the court's jurisdiction. He should have filed a motion to quash summons at the first oportunity. The first thing he did was to answer on the merits without objecting to the jurisdiction of the court.

The cases sustaining this position are too numerous to cite but may be found set out in detail in Page's Complete Ohio Digest, Volume 1, page 298, et seq. **Bank v Kepner, 54 Oh Ap 352 (23 Abs 365).**

A litigant cannot come in and answer on the merits and still remain outside the jurisdiction by simply asserting that he objects to the jurisdiction. Even the filing of a motion or demurrer enters appearance.

In the case of **Long v Newhouse, 57 Oh St 348** (2nd syllabus), the principle is found as well-stated as anywhere else.

We must, therefore, hold that the court had jurisdiction; that the case was properly filed in Fayette County; that the Bank Superintendent was properly served or entered his appearance and that defendant, Alfred Y. Munson, entered his appearance by his answer of September 3, 1935.

When the action is rightfully brought in any county a summons may be issued to any other county. If the Superintendent of the Banks was the proper party and voluntarily entered his appearance by filing an answer, then the summons, under §11282 GC, could be issued to Hamilton County for the other defendants. But, as above pointed out, we do not need to rely upon this because the defendant, Alfred Y. Munson, submitted himself to the jurisdiction of the court by filing his answer, and that would permit the issue of summons to Hamilton County for the defendant, Anna Munson.

"Where in such case defendant owner voluntarily appears and answers to ·the merits of the case without the service of summons on him, this step is by §11287 GC, made equivalent to service, and thereby the action is rightly brought and summons may issue to any other county for the joint defendant." **Gorey v Black, 100 Oh St 73.**

We are of the opinion that no possible claim can be sustained either that the action was not rightfully brought, or that the parties were no properly before the court.

As to the claim that there has been an assignment by the husband to his wife, or that the defendant had other property subject to levy, one needs but to read the record, as interesting as it is, of the financial transactions of the husband and wife, between themselves and with others, to come to the conclusion that the Court of Common Pleas was amply justified in holding that the defendant had no other property subject to execution; that the alleged transfer was a fraud upon the plaintiff and that the plaintiff was entitled to have any credits in the name of Alfred Y. Munson applied to the payment of this judgment.

Judgment affirmed. Case remanded.

BARNES, PJ and HORNBECK, J, concur.