## SUPREME COURT
### REPORTED CASES
Decided on the Dates Shown in Headings

### No. 892
### ADAMS v. HOLLOW ROCK M. & T. CO.
Ohio Supreme Court
No. 17365. Decided June 26, 1923

**29. APPEARANCE.**

Filing of general demurrer without reservation, waives objection to jurisdiction over person.

**28. APPEALS.**

Dismissal by Court of Appeals for failure to file brief not an abuse of discretion; rule of court as to brief held valid. (For official Syllabus, see below.)

WANAMAKER, J.

### Epitomized Opinion

The Hollow Rock Mining, etc., Co. filed a petition in Common Pleas Court of Jefferson county against Adams, setting up a certain written contract which it claimed the defendant had breached and upon which it sought the judgment of the court in damages. Service was sought to be obtained by publication, the defendant being a non-resident, and an affidavit in attachment was also made and filed, and an order of attachment issued thereon.

Adams filed certain affidavits and also filed a motion to quash the service of summons, which was overruled. He then filed a demurrer to the petition, which was also overruled. At the hearing of the case Adams failed to appear and judgment was rendered against him. Adams took an exception to the judgment and prosecuted error. Upon hearing in the Court of Appeals the case was dismissed for a failure to conform with 11572 GC. in regard to the filing of his brief. Under the above section the Court of Appeals had made certain rules to be followed by counsel in filing briefs. Error was then prosecuted to the Supreme Court. In affirming the judgment of the Court of Appeals, the Supreme court, in official syllabus, held:

1. "The filing by defendant of a general demurrer to a petition, in which demurrer he fails to make any reservation as to the court's jurisdiction over him, is an entry of appearance and a waiver of his right to object on the ground of jurisdiction over his person."

2. "A rule of the Court of Appeals requiring briefs to be filed in error proceedings within a reasonable time is a valid exercise of the power conferred upon that court, and a dismissal of such proceedings in error for failure to file such brief for a period of four months after a petition in error is filed does not constitute an abuse of the discretion of the court in that behalf."

Attorneys—Frank H. Kerr and Ira Blackburn, Steubenville, for Adams; A. C. Lewis and S. C. Kerr, Steubenville, for Hollow Rock Co.