Robinson, J.
 

 The sole question here presented, as we view it, is whether the general denial of Cohen challenged the jurisdiction of the court over his person, and therefore whether he may be held to have challenged such jurisdiction at his first
 
 *549
 
 opportunity. We do not believe tbe fact that he did not file his answer within rule and therefore was required to obtain leave to file the general denial answer is of itself sufficient to in any way change the status of the defendant with reference to having entered his appearance, since the leave was not to plead generally, but was to file the particular answer which was filed, and therefore if the answer be construed to challenge the jurisdiction the leave to file the particular answer must be construed as a leave to challenge the jurisdiction.
 

 Under the rule as laid down in the case of
 
 Gorey
 
 v.
 
 Black,
 
 100 Ohio St., 73, 125 N. E., 126, it is perfectly apparent that the court, did not obtain jurisdiction over the person of the defendant Cohen by reason of the service of the summons in Cuyahoga county, since the facts found by the jury disclose that there was no joint liability of the defendant Bamba with the defendant Cohen.'
 

 If the court obtained jurisdiction over Cohen at all, it obtained it by the appearance of Cohen in the filing of the answer and by his participation in the trial. That he did appear and participate in the trial is not in controversy. The effect of the general denial is the question here.
 

 The general rule seems to be that when the defendant becomes an actor in the case, without objecting to the jurisdiction, he enters his appearance in the case and may not thereafter object to the jurisdiction over his person. But the application of that rule does not aid in the determination of this case, since the question whether he objected to the jurisdiction must be determined by the effect of
 
 *550
 
 the general denial, and upon that subject the general rule
 
 seems
 
 to be that:
 

 “Where the lack of jurisdiction does not appear on the face of the record, the defendant may unite a plea to the jurisdiction with his other defenses without waiving his right to insist on the lack of jurisdiction of the court. ’ ’ 2 Ruling Case Law, 331.
 

 What difference in effect is there between an answer which specifically, separately, and categorically denies the several averments of a petition and an answer which denies generally such averments? We know of none. Both alike put the plaintiff upon proof, and under either answer the court may determine some of the issues in favor of the plaintiff and some in favor of the defendant, or all in favor of either.
 

 The petition of the plaintiff charged a joint tort. But for that allegation, the defect of jurisdiction over the person of the nonresident defendant would have appeared upon the face of the record and would have been subject to a motion. The general denial put in issue every essential averment of the petition. The averment that the tort was committed jointly with Ramba was essential to give the court jurisdiction to hale Cohen into court in Ramba’s county. That averment being denied, it was as essential to a recovery against Cohen that the plaintiff prove that Ramba’s negligence joined with the negligence of Cohen in causing the injury as it was that she prove that the negligence of Cohen directly contributed to her injury.
 

 The general denial answer, being effective to put the plaintiff upon proof of the essential averments of her petition, and the averment of joint
 
 *551
 
 liability being one of the essential averments thereof, it was a direct challenge to the jurisdiction. Indeed, this court has so held in the case of
 
 Dunn
 
 v.
 
 Hazlett,
 
 4 Ohio St., 435. In that case the original declaration was against Dunn and Smith. Smith resided in Clinton county, where the action was brought. Dunn resided in Ross county. To the declaration Dunn and Smith pleaded the general issue. Upon the declaration and that pleading the cause was submitted, the court found Smith was not jointly bound with Dunn and nonsuited the plaintiff. On the motion of plaintiff, the nonsuit was set aside. A motion was then made for leave to file an amended declaration by striking out the name of Smith and declaring against Dunn. The motion was sustained, and the amended declaration was filed against Dunn alone. To the amended declaration Dunn again pleaded the general issue. Trial was had, the issue found for the plaintiff, and judgment rendered in favor of Hazlett against Dunn. In the discussion of the case the court said, at page 439:
 

 “It may be claimed, however, that Dunn waived any rights he might have by pleading to both the first and second declarations. As to pleading to the first declaration, he put in issue, by the general issue, the very fact of whether service was properly made on him, or whether he was bound to answer in that court. He denied that he had jointly contracted with Smith to the plaintiff, and the court found his plea true, and nonsuited the plaintiff, and judgment was rendered against him for costs. The case was, thereupon, properly out of court, and Dunn had effected everything which he could expect by his plea of the general issue.”
 

 
 *552
 
 In the syllabus the court says:
 

 “In such case, if the person residing in and the person residing out of the county, jointly plead to the merits, and the court find that they were not joint contractors, and nonsuit the plaintiff, it is error in the court to set aside the nonsuit.”
 

 In all cases of this character, either counsel or the court, and usually both, bring forward the argument that it is unjust, a waste of the time of the court and of the substance and energy of the litigants, and generally impracticable, to permit a defendant to participáte throughout a trial, and, upon a verdict being rendered against him, to then avail himself of the want of jurisdiction of the court over his person, and, in the event of the verdict being in his favor, to insist upon judgment, and thus be in position to plead
 
 res adjudicata
 
 to an action brought in a district where jurisdiction over his person could properly be obtained.
 

 To all such argument the answer may well be made that if such a situation results it is the fault either of counsel or the court; that it is within the power of counsel to require the court, where the question of jurisdiction over the person is one of fact, to direct the jury to determine that issue first, and to further direct it that, if it find that the resident defendant was not a joint tort-feasor with the nonresident defendant, it find the issue of jurisdiction over the person of the' nonresident defendant in favor of such nonresident defendant, and that it so state in its verdict, and that as to him it will consider the case no further. The judgment upon such verdict will then go to that subject alone.
 

 
 *553
 
 If, then, it is within the power of counsel and the court to prevent an unfair advantage inuring to the nonresident defendant by reason of his having at the same time denied the jurisdiction and participated in the trial, the force of such argument necessarily fails.
 

 The defendant Cohen, in the instant case, having by his general denial answer made an issue of fact of the jurisdiction of the court over his person, raised the question of jurisdiction at his first opportunity. That issue continued to.be an issue of fact throughout the trial, and was undetermined until the verdict of the jury was returned. If neither counsel for the plaintiff nor the court saw fit to require the verdict to respond to that particular issue, but permitted it to be a general verdiet, any argument based upon the hypothesis that an injustice would.have resulted from a contrary verdict is, to say the least, not persuasive. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Kinkabe and Jones, JJ., concur.