By the Court.
 

 The sole question before this court is whether the Court of Appeals erred in dismissing the appeal on the ground that the brief of appellant was filed in the Court of Appeals fifty-nine days after the notice of appeal and therefore not within the fifty-day limitation prescribed by Rule VII of the Courts of Appeals.
 

 Section 1522, General Code, supplements any inherent power of the Courts of Appeals' to make and publish uniform rules of practice for all of the districts. In
 
 Adams
 
 v.
 
 Hollow Rock Mining & Transportation Co.,
 
 108 Ohio St., 358, 140 N. E., 624 (1925), this court held that a rule of the Court of Appeals requiring briefs to be filed in error proceedings within a reasonable time was a valid exercise of the power conferred upon that court.
 

 Section 12223-21, General Code, which became effective January 1,1936, as a part of the new Appellate Procedure Act, provides that: “(1) Appeals taken on questions of law shall be heard upon assignments of error filed in the cause or set out in the briefs of the appellant before hearing. * #
 
 * Failure to file such briefs and assignments of error within the time prescribed by the court rules shall be cause for dismissal of such appeal,
 
 (Italics ours.)
 

 The judges of the Courts of Appeals adopted the following Rule VII:
 

 “Counsel for appellant shall, within fifty (50) days after filing notice of intention to appeal, file with the clerk his assignments of error and briefs and bill of exceptions. * * *
 

 
 *79
 
 “Upon failure of the appellant to file his assignments of error, briefs, or bill of exceptions as herein required,
 
 unless good cmi.se be shown
 
 to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the court. * * *
 

 “An application for extension or shortening of time in which to file briefs in any cause must be by motion. * * *” (Italics ours.)
 

 In submitting the foregoing rule for adoption, a committee of the judges of the Courts of Appeals stated:
 

 “It is considered by the committee that it is undesirable to make any drastic change in th.e time in which proceedings in error as they are now understood and appeals on questions of law, as provided for in the new act, should be perfected in this court. The period of fifty (50) days, taking into consideration the twenty (20) days provided for the filing of notice of intention to appeal, conforms the present time to the time for filing petitions in error, as now in force, to wit: seventy (70) days. The times for filing briefs are made to conform to the present practice.
 
 * * *”
 

 Counsel for the appellant contend that there was an abuse of discretion by the Court of Appeals, since appellant’s notice of appeal was filed only six days, instead of twenty days, after the overruling of (the motion for new trial, a brief was filed within fifty-nine days, and Rule VII does not apply when it is shown that a notice of appeal, bill of exceptions and a brief were all filed within seventy days from the date the order appealed from was entered. Counsel for appellant also urge that illness of counsel who had personal charge of the cause constituted “good cause” for not complying with the rule, but there is nothing in the record to show that associate counsel who con
 
 *80
 
 ducted the trial of the ease filed a motion to extend the time for filing briefs as provided by Rule VII.
 

 It will be observed from the foregoing that:
 

 First: The statute makes failure to file briefs within rule a cause for dismissal.
 

 Second: Rule VII requires briefs to be filed within fifty days after a notice of appeal is filed.
 

 Third: That rule not only recognizes the power to dismiss conferred by statute but provides a method to show good cause for an extension.
 

 Fourth: Counsel for appellant failed to file a motion for an extension.
 

 Fifth: The fifty-day limitation in Rule VII as adopted is nqt extended to seventy days by the explanatory note prepared by a committee of the judges of the Courts of Appeals submitting the proposed rule.
 

 As there is nothing in the record showing an abuse of discretion by the Court of Appeals in dismissing the appeal, the judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day,'Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.