HARRIS, APPELLANT, *v.* HARRIS ET AL., APPELLEES.

(No. 354—Decided August 1, 1946.)

*Mr. B. F. Welty* and *Messrs. Unverferth & Unverferth,* for appellant.

*Mr. Charles L. Kaps* and *Mr. Claud L. Recker,* for appellee Pauline Japel.

MIDDLETON, P. J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of Putnam county, Ohio.

The appeal is from a judgment of the Common Pleas Court dismissing Pauline Japel, one of the defendants, an appellee herein, as a defendant, for want of jurisdiction.

The action was begun by Lenore Harris against Hugh Harris, Eva Harris and Pauline Japel alias Pauline Harris.

Hugh Harris and Eva Harris are residents of Putnam county, and were there served. Pauline Japel is a resident of Cuyahoga county, and was served with summons by the sheriff of Cuyahoga county.

Subsequent to the filing of the petition and the service of summons on Pauline Japel in Cuyahoga county, she filed an answer reading as follows:

"Now comes the defendant Pauline Japel and for her answer to plaintiff's petition filed herein denies each and every, all and singular, the allegations contained in plaintiff's petition. Wherefore, having fully answered defendant prays she may go hence without day and recover her costs herein."

Subsequent to the filing of that answer, plaintiff filed three amended petitions.

After filing her answer to the original petition, Pauline Japel did not file any further pleading nor did she take any part in the trial or subsequent proceedings in the case until she filed her motion upon which the court acted, and which brings the case into this court.

Upon the trial in the Common Pleas Court, the jury returned a verdict in favor of the plaintiff and against the defendants Hugh Harris, Eva Harris and Pauline Japel.

Motions for new trial and for judgment notwithstanding the verdict were filed by Hugh Harris and Eva Harris.

The court overruled the motion for new trial but sustained the motion for judgment notwithstanding the verdict, as to all three defendants.

From that order of the court, sustaining the motion

for judgment notwithstanding the verdict, the plaintiff appealed to this court.

The court, on that appeal, made the following order, as shown by the journal of the court:

"This day this cause came on for hearing on the assignments of error, the briefs, the transcript, the original papers, pleadings and arguments of counsel.

"In consideration thereof the court finds that there is no error in any of the particulars assigned or argued in the brief of the appellant, as to the judgment in favor of the defendants-appellees Hugh Harris and Eva Harris and against the plaintiff-appellant and said judgment and proceedings as to the defendants-appellees Hugh Harris and Eva Harris is hereby affirmed at the costs of the plaintiff-appellant.

"On further consideration thereof the court finds that there is error insofar as the judgment in favor of the defendant-appellee Pauline Japel alias Harris against the plaintiff-appellant in that said judgment is contrary to law and said proceedings and judgment insofar as Pauline Japel alias Harris is concerned is hereby reversed and said cause remanded to the Court of Common Pleas for further proceedings according to law, at the costs of the defendant-appellee Pauline Japel.

"To all of which findings and judgment said plaintiff-appellant Lenore Harris and defendant-appellee Pauline Japel except.

"There being reasonable ground for appeal no damages are assessed as a penalty."

Thereafter, a motion was filed in the Supreme Court for an order directing the Court of Appeals to certify its record, which motion was overruled.

Subsequent to the remanding of the cause to the Court of Common Pleas, the plaintiff filed her motion for judgment upon the verdict against defendant Paul-

ine Japel, and, at the same time, Pauline Japel filed a motion to dismiss the action against her for want of jurisdiction.

The motion of the plaintiff for judgment on the verdict was overruled, and the motion of the defendant Pauline Japel to dismiss the action for want of jurisdiction was sustained.

This action was instituted by the plaintiff against the three defendants, charging them with a conspiracy to alienate the affections of her husband.

The petition contains the following averment:

"Plaintiff further says that defendants Hugh Harris, Eva Harris and Pauline Japel alias Pauline Harris wilfully conspired against this plaintiff for the purpose of alienating the affections of her husband Delmar Harris."

The petition then goes on and sets out various acts that plaintiff alleges were committed by the three defendants, and then avers:

"Plaintiff further says that all of said acts by defendants, as herein set forth, were wilfully and maliciously done for the purpose of defrauding this plaintiff, to her damage in the sum of $50,000."

The allegations of conspiracy contained in the third amended petition, upon which trial was had, were contained in the original petition and all subsequent petitions, and are identical in form and substance except as to minor changes in phraseology.

It will be seen that from the inception of this case the plaintiff has maintained that the acts of the defendants constituted a conspiracy to alienate the affections of her husband and to deprive her of her marital rights.

It was on that theory of conspiracy that summons was served upon defendant Pauline Japel in Cuyahoga county.

While the petition leaves much to be desired, it contained sufficient averments to charge a conspiracy, and it was on that theory of conspiracy that the case was tried in the Common Pleas Court, and on appeal to this court.

Holding as we do, that the petition charges a conspiracy, the next question is whether defendant Pauline Japel has done anything or failed to do anything which entered her appearance or prevented her from denying the jurisdiction of the court by the motion she filed to dismiss the action against her.

The answer filed by Pauline Japel is a general denial.

The Supreme Court, in the case of *Bucurenciu* v. *Ramba*, 117 Ohio St., 546, 159 N. E., 565, laid down the rule as follows:

"Where the question of the jurisdiction of the court over the person of the defendant is one of fact, not appearing upon the face of the record, objection made thereto by answer of the objecting defendant as his first act in the case is objection at the first opportunity and saves an exception to the jurisdiction.

"Where the jurisdiction of the court to acquire jurisdiction over the person of the defendant by service of summons in a foreign county appears only by the allegations of the petition, a general denial filed by such defendant challenges such jurisdiction, and under such general denial such defendant may at the same time and throughout the trial question both the jurisdiction and the merits of the cause."

In the case of *Gorey* v. *Black*, 100 Ohio St., 73, 125 N. E., 126, it was held:

"In order to give the court jurisdiction over joint defendants who are nonresidents of the county where suit is brought and for whom summons has been issued to another county, the averments of the petition

and the proof on the trial must show that the plaintiff has a valid joint cause of action against the defendants on whom valid service is had as well as against the nonresident defendants.''

In view of that statement by the Supreme Court, Pauline Japel challenged the jurisdiction of the court over her person at the first possible time, and having challenged the jurisdiction of the court over her person in the answer there was nothing further that Pauline Japel could do or was required to do until it had been finally determined by the court that the plaintiff had failed to prove by the evidence a joint conspiracy.

The trial court found that insufficient evidence existed to show a conspiracy between Hugh Harris, Eva Harris and Pauline Japel to alienate the affections of plaintiff's husband. This court, on appeal, also held there was insufficient evidence to support the claim of joint conspiracy.

When the court found from the evidence that a conspiracy did not exist, as alleged by the plaintiff, and dismissed the resident defendants, that was the first moment a motion by Pauline Japel to dismiss the action against her for want of jurisdiction could be decided in her favor.

The court did not have jurisdiction of the person of the nonresident defendant when it was found from the evidence that there was no conspiracy and dismissed the resident defendants. The court, not having jurisdiction of the person of the defendant Pauline Japel, did not have jurisdiction to render any judgment against her, and any such judgment would be void.

The Court of Appeals remanded the cause to the Court of Common Pleas for further proceedings according to law, and when the defendant filed her motion the case stood as it did when the jury returned its verdict.

The defendant Pauline Japel was not required to take any action in the case other than that taken by her. Her status was fixed by the general denial of her answer, and upon the filing of her motion to dismiss her upon jurisdictional grounds, the court was required to sustain it and to dismiss her as a defendant.

Holding this view of the case, we find no error, and the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

JACKSON, J., concurs.

GUERNSEY, J., dissenting. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Putnam county, Ohio, entered upon the journal of that court on March 16, 1946, in an action therein wherein the appellant herein, Lenore Harris, was plaintiff, and an appellee herein, Pauline Japel, was one of the three persons originally made parties defendants, the other two being Hugh Harris and Eva Harris, husband and wife.

In that judgment the Court of Common Pleas overruled the motion of the plaintiff, Lenore Harris, for a judgment on the verdict of the jury against defendant Pauline Japel, sustained the motion of defendant Pauline Japel to dismiss the action against her for want of jurisdiction and dismissed her from the action.

In the judgment entry it is recited:

"The court finds that the motion of defendant Pauline Japel is well taken, that the court had no jurisdiction of the person of the defendant, Pauline Japel, and that the service of summons upon her was invalid, she having been served as a nonresident defendant joined with resident defendants against whom there was a failure of proof on an allegation of the petition

of a joint enterprise, and the motion is therefore granted and the action is dismissed for want of jurisdiction as to the defendant, Pauline Japel."

The original petition in this cause was filed on May 27, 1943, and summons for the defendants Hugh Harris and Eva Harris, who are residents of Putnam county, was duly issued for and served upon them in that county. Summons for defendant Pauline Japel was issued to the sheriff of Cuyahoga county and duly served upon her.

Pauline Japel, on June 25, 1943, duly filed her answer to the petition, in which answer she denies, each and every, all and singular, the allegations contained in plaintiff's petition.

Subsequent to the filing of the petition, the plaintiff filed first amended, second amended and third amended petitions, and the cause was submitted to a jury on the third amended petition and the answer of the defendants Hugh Harris and Eva Harris to the third amended petition. Pauline Japel did not file any answer to any of the amended petitions and did not participate in the trial of the cause.

This cause was tried to a jury in the Common Pleas Court during the month of December 1944, and on December 5 the jury returned a substantial verdict against the three defendants.

Within the time limited by law, the defendants Hugh Harris and Eva Harris filed motions for a new trial and for judgment notwithstanding the verdict, and the court, on January 25, 1945, rendered judgment overruling the motion for a new trial, sustaining the motion for judgment notwithstanding the verdict, and adjudging "that the defendants go hence without day and recover from plaintiff their costs herein expended."

Although the motion for judgment notwithstanding

the verdict was made by only the defendants Hugh Harris and Eva Harris, the judgment sustaining the motion was not limited to them, but from the quoted language in the judgment it also applied to and operated as a judgment in favor of defendant Pauline Japel.

The plaintiff, Lenore Harris, perfected her appeal to this court from that judgment of the Court of Common Pleas.

This court, on the submission of the appeal from the Common Pleas Court, found no error in any of the particulars assigned and argued in appellant's brief, insofar as the judgment in favor of the defendants Hugh Harris and Eva Harris and against the plaintiff was concerned, but found error insofar as the judgment in favor of defendant Pauline Japel alias Pauline Harris and against the plaintiff was concerned, in that the judgment, in the respects mentioned, was contrary to law. This court affirmed the judgment of the Common Pleas Court, insofar as the defendants Hugh Harris and Eva Harris were concerned, at the costs of the appellant and reversed the judgment, insofar as defendant Pauline Japel was concerned, at her costs, and remanded the cause to the Common Pleas Court "for further proceedings according to law, on the verdict of the jury."

In the minutes of the decision of this court, the following recitals appear:

"A careful reading of the bill of exceptions fails to disclose any evidence tending to prove any conspiracy on the part of either Hugh Harris or Eva Harris to alienate the affections of their son Delmar Harris, or any evidence tending to prove any conduct on the part of either of them to cause the affections of their said son to be alienated, so the court did not err in rendering judgment in favor of defendants Hugh Harris

and Eva Harris notwithstanding the verdict against them.

"While the action against the three defendants was based on conspiracy to alienate the affections of Delmar Harris, and service of summons in said action was made on the defendant Pauline Japel in Cuyahoga county, Ohio, on the theory that she was jointly liable with the defendants Hugh Harris and Eva Harris who resided and were served with summons in Putnam county, Ohio, in the Common Pleas Court of which the action was instituted, by reason of such conspiracy, the said Pauline Japel alias Pauline Harris did not in any way object to the jurisdiction of the court and entered her appearance by filing an answer in said action.

"Although the action was based on conspiracy and there was no evidence tending to prove conspiracy the allegations of the petition were broad enough to charge the defendant Pauline Japel with alienating the affections of Delmar Harris, and the evidence introduced was sufficient to sustain such charge, so the court erred in rendering judgment in her favor, notwithstanding the verdict, and the judgment so rendered was contrary to law."

The journal entry of the decision of this court shows the affirmance of the judgment of the Common Pleas Court, insofar as defendants Hugh Harris and Eva Harris are concerned, shows the reversal, as contrary to law, of the judgment, insofar as the defendant Pauline Japel is concerned, and recites that the cause is "remanded to the Court of Common Pleas for further proceedings according to law at the costs of the defendant-appellee Pauline Japel."

The plaintiff, Lenore Harris, duly filed her motion for certification of the record in the cause to the Supreme Court of Ohio. The defendant Pauline Japel

did not perfect any appeal from the judgment.

The motion of the plaintiff, Lenore Harris, to certify the record was thereafter overruled by the Supreme Court, and the cause was remanded to the Court of Common Pleas of Putnam county.

After the case was remanded to the Court of Common Pleas the proceedings were had which resulted in the judgment from which the present appeal is taken.

There are two questions presented by this appeal:

1. Whether the defendant Pauline Japel is precluded by her failure to appeal from the judgment of this court reversing the judgment of the Common Pleas Court dismissing her as a party defendant to this action, as contrary to law, from having a judgment, similar to the judgment reversed, rendered in her favor by the Common Pleas Court, upon the case being remanded to the Common Pleas Court for further proceedings according to law.

2. Assuming Pauline Japel is not thereby precluded, whether the Common Pleas Court erred in adjudging that because her fellow-defendants had been adjudged not liable in the action, it did not have jurisdiction to render judgment against her and for that reason dismissing her as a party defendant to the action; and whether the court erred also in not entering judgment against her on the verdict of the jury.

These questions will be considered in the inverse order.

2. Under the rule as laid down in the case of *Gorey* v. *Black,* 100 Ohio St., 73, 125 N. E., 126, it is apparent that the Common Pleas Court of Putnam county did not obtain jurisdiction over the person of the defendant Pauline Japel by reason of the service of summons on her in Cuyahoga county, since the Common Pleas Court adjudged that there was no liability on the part of the defendants Hugh Harris and Eva Har-

ris as to the subject matter of the action, and consequently no joint liability of the defendant Pauline Japel with the resident defendants Harris which would authorize the service of summons on her in the action, in Cuyahoga county, which judgment was affirmed by this court. If the court obtained jurisdiction over the defendant Japel at all it obtained it by the appearance of Japel in her filing of the answer to the petition.

It was held in the case of *Bucurenciu* v. *Ramba,* 117 Ohio St., 546, 159 N. E., 565, relied upon by the defendant Japel, as warranting the Common Pleas Court in rendering the judgment it last rendered:

"Where the question of the jurisdiction of the court over the person of the defendant is one of fact, not appearing upon the face of the record, objection made thereto by answer of the objecting defendant as his first act in the case is objection at the first opportunity and saves an exception to the jurisdiction.

"Where the jurisdiction of the court to acquire jurisdiction over the person of the defendant by service of summons in a foreign county appears only by the allegations of the petition, a general denial filed by such defendant challenges such jurisdiction, and under such general denial such defendant may at the same time and throughout the trial question both the jurisdiction and the merits of the cause."

As above mentioned, the defendant Japel filed a general denial to the petition. Consequently, if it appears from the allegations of the petition to which she answered, that she was subject to being sued in the Common Pleas Court of Putnam county by reason of her joint liability with the resident defendants in the action, the answer by way of general denial to the petition challenged the jurisdiction of the court and she is entitled, upon her fellow-defendants being found

and adjudged not liable in the action, to have judgment in her favor on the ground that the court is without jurisdiction to render a judgment against her. On the other hand, if it appears from the petition that the allegations thereof do not charge her with joint liability with the other defendants, her answer did not challenge the jurisdiction of the court, and the jurisdiction of the court not being challenged her appearance in the action by way of answer constituted such an appearance as would give the court jurisdiction to render judgment against her.

It is therefore necessary to examine the allegations of the petition to determine whether they charge joint liability of her and the other defendants.

In the petition, the plaintiff alleges, in substance:

She was married to Delmar Harris on the 27th day of October 1913, at Flint, Michigan, and three children, Beula Kathleen, Harry Allen, now deceased, and Margaret Elizabeth were born as issue of that marriage.

Delmar Harris is the son of the defendants Hugh Harris and Eva Harris.

After the marriage, Delmar Harris and Lenore Harris moved on and occupied certain real estate belonging to Hugh Harris, located in Putnam county, Ohio, and Delmar Harris farmed the same on shares until June 1939.

Thereafter, plaintiff's daughter, Margaret Elizabeth Kleinhens, and her husband, Robert Kleinhens, rented the premises.

Plaintiff is residing with her daughter and her husband.

The defendants Hugh Harris and Eva Harris threaten to eject plaintiff from the home of her daughter unless plaintiff renounces her marriage covenant, with her husband, Delmar Harris, and permits him to secure a divorce.

The defendant Pauline Japel, alias Pauline Harris, has held herself out to the public where she resides at 5208 Erwin avenue, Maple Heights, Cleveland, Ohio, as the wife of Delmar Harris, husband of this plaintiff, during the last two years, and as issue of that union a child, Barbara Ann Harris, was born in December 1941 to defendant Pauline Japel and plaintiff's husband, Delmar Harris.

In March 1943, Delmar Harris filed his petition against plaintiff for divorce in the Common Pleas Court of Cuyahoga county, Ohio, and on the 10th day of May 1943 the plaintiff filed her answer and cross-petition in the action for divorce, and the action is pending in Cuyahoga county Common Pleas Court on the petition and plaintiff's cross-petition.

"Plaintiff further says that defendants Hugh Harris, Eva Harris and Pauline Japel, alias Pauline Harris, wilfully conspired against this plaintiff for the purpose of alienating the affections of her husband Delmar Harris."

After Delmar Harris filed his petition for divorce, defendants Hugh Harris and Eva Harris wilfully and maliciously, by threats and otherwise, attempted to entice plaintiff to withdraw her answer and cross-petition in the Cuyahoga county court, renounce plaintiff's marriage relation with Delmar Harris, permit their son Delmar Harris to secure a divorce from plaintiff on his petition, filed in the Cuyahoga county court, by default, and permit Delmar Harris to marry defendant Pauline Japel, alias Pauline Harris.

Delmar Harris ceased farming the land belonging to the defendant Hugh Harris for the reason that the defendant Hugh Harris held some of the tenant's portion under the contract.

The defendant Hugh Harris caused plaintiff's husband to cease farming lands belonging to such defend-

ant, and on May 23, 1939, delivered a truck to Delmar Harris so as to permit him to leave plaintiff and in order that he could remain away from the home of plaintiff.

The defendant Hugh Harris by his harsh and unjust treatment of his son in the matter of the rents and profits, as hereinbefore set forth, caused Delmar Harris to become dissatisfied and discouraged as a tenant of Hugh Harris, and while in that state of mind Delmar Harris would frequently become intoxicated and this plaintiff was required to visit drinking places for the purpose of securing the return of her husband.

After the marriage of plaintiff and Delmar Harris, the defendants Hugh Harris and Eva Harris repeatedly and on numerous occasions accused the plaintiff of marrying their son for money and of being a "gold digger."

Delmar Harris has lived in adultery with the defendant Pauline Japel at 5208 Erwin avenue, Maple Heights, Ohio, and is guilty of bigamy under the laws of Ohio, and the defendants Hugh Harris and Eva Harris, in order to avoid disgrace of the family name, threatened to eject plaintiff off of such premises if she would not withdraw her answer and cross-petition in the Common Pleas Court of Cuyahoga county, Ohio.

Delmar Harris and defendant Pauline Japel have held themselves out to the public during the last two years as man and wife and fraudulently filed the birth certificate of Barbara Ann Harris, alleging, in substance, that defendant Pauline Japel and Delmar Harris were legally married and that Barbara Ann was the legitimate issue of the marriage.

All such acts by the defendants, as set forth, were wilful and malicious and done for the purpose of defrauding this plaintiff, to her damage in the sum of $50,000.

After the above allegations, plaintiff prays defendant Hugh Harris be enjoined from evicting plaintiff from the premises so long as plaintiff is residing with her daughter and her husband on the premises by virtue of a contract as tenant of Hugh Harris; for damages in the sum of $50,000 for wilfully alienating the affections of her husband; and for costs and such other relief to which plaintiff is entitled in law and equity.

From an inspection of the allegations of the petition it will be noted that there are no allegations of fact showing any joint actions or any concert of actions between the defendant Pauline Japel and either of the other defendants, or of any acts done by Pauline Japel and either of the other defendants, for which Pauline Japel and either of the other defendants would be jointly liable.

The allegation that the defendants, Hugh Harris, Eva Harris and Pauline Japel, wilfully conspired against the plaintiff for the purpose of alienating the affections of her husband Delmar Harris, is merely a conclusion of law of the pleader, not warranted by the facts pleaded. To such a conclusion, the following rules of law apply:

A pleading properly should state the ultimate facts essential to the right of action or defense asserted, as distinguished from mere legal conclusions or conclusions of law. In the first place, it is the duty of the courts to declare the conclusions, and of the parties to state the premises. Secondly, as applied to a complaint, an allegation of a bare conclusion does not comply with the Code requirement that the complaint set up a plain and concise "statement of the facts" constituting a cause of action. A bare allegation of a conclusion of law raises no issue. It need not be denied, nor is the truth thereof admitted by a demurrer. While a pleading is not rendered insufficient or materially af-

fected merely because it contains legal conclusions in addition to the facts which properly belong in it, in general a bare conclusion is regarded as adding nothing to the value of a pleading. Allegations which stand as mere averments of conclusions of law or legal conclusions are, as a pleading, of no legal effect or significance and are generally ignored in the construction and consideration of the pleadings of which they are a part. 41 American Jurisprudence, 300, 301, Section 16.

Nor can such allegation be considered as an allegation of actionable conspiracy, as there is no allegation of an overt act invading some recognized right and giving rise to a right of action. 8 Ohio Jurisprudence, 42, 43, Section 3.

The allegation mentioned being of no legal effect or significance, the petition did not charge joint liability or concert of action of the defendant Japel with either of the other defendants, and consequently the answer by way of general denial did not challenge the jurisdiction of the court. The jurisdiction of the court was not challenged otherwise by the defendant Japel. The answer filed by the defendant Japel constituted an objection to the merits only and therefore constituted a general appearance by her, subjecting her to the jurisdiction of the court in the cause. 3 Ohio Jurisprudence, 19, Section 9; *Redecker* v. *Munson,* 24 Ohio Law Abs., 523.

For the reasons mentioned, the court erred in dismissing the defendant Japel as party defendant in the case, and also erred in not rendering judgment against her on the verdict of the jury.

1. The defendant Japel was one of the appellees on the appeal of the plaintiff, Lenore Harris, from the original judgment in this action.

The judgment dismissing her from the case was re-

versed by this court as being contrary to law and the cause as to her remanded to the Common Pleas Court for further proceedings according to law, that is, the law of the case as established by the decision of this court.

The law of the case, as established by this court, was such as to require the Common Pleas Court, upon the case being remanded to it, to enter judgment against the defendant Japel on the verdict of the jury.

. The defendant Japel as one of the appellees in the case had the right to appeal on questions of law to the Supreme Court from the judgment of this court.

Such an appeal, under the new appellate practice, is similar to the filing of a petition in error under the former appellate practice and would not constitute a waiver of the question of jurisdiction of her person, as such waiver is implied only on appeal from the Common Pleas Court to the Court of Appeals in cases where a trial *de novo* may be had in the Court of Appeals. *Foster* v. *Borne,* 63 Ohio St., 169, 58 N. E., 66.

As Pauline Japel had the right to appeal and did not appeal from the judgment of this court, she is bound by such judgment and is thereby precluded from having a judgment, similar to the judgment reversed, rendered in her favor by the Common Pleas Court.

For the errors mentioned, the judgment of the Common Pleas Court should be reversed, and this court, rendering the judgment the Common Pleas Court should have rendered on the motion of the plaintiff for judgment on the verdict, should render final judgment against her on the verdict of the jury, at her costs, and remand the cause for execution.