GLASS, APPELLEE, *v.* McCULLOUGH TRANSFER CO. ET AL.;
TOLLEY, APPELLANT.

(No. 3473—Decided January 11, 1952.)

154

*Mr. John Ruffalo,* for appellee.
*Mr. Oscar A. Stephens,* for appellant.

Griffith, J. Lucille Glass, plaintiff, commenced her action against Ortrud Tolley, of Newark, Licking county, Ohio; the McCullough Transfer Company of Youngstown, Ohio; Miano Masi of Youngstown, Ohio, and Howard Umphrey, of Brooklyn village, Cuyahoga county, Ohio.

The automobile collision involved in this case occurred on state route No. 42, between Lodi and Medina, which route is a heavy traveled highway extending in a northeasterly and southwesterly direction. At a point about five miles southwest of Medina, there is an ascending grade, which descends sharply toward the northeast. At 10 p. m. on April 26, 1947, the plaintiff was riding in a Pontiac automobile being operated in a northeasterly direction by the defendant Tolley. At the same time, the defendants McCullough Transfer Company and Howard Umphrey had stopped their respective vehicles on the highway.

Defendant McCullough Transfer Company had stopped a large tractor-trailer outfit on the right half part of the highway and Umphrey, who was driving a school bus, had also stopped or parked on the right side of the highway. The bus and tractor-trailer outfit were headed in a northeasterly direction, the tractor-trailer outfit being to the rear of the bus. The automobile in which plaintiff was riding collided with the rear of the tractor-trailer outfit.

The descending grade toward Cleveland is more than a quarter of a mile in length. When the driver of the school bus reached a point about a quarter of a mile from the crest of the descending grade, he was compelled to stop because the bus lights failed to work. He stopped as far to the right as possible, close to the ditch, with about one-half of the left side of the bus

remaining upon the traveled portion of the highway.

Immediately thereupon, pot flares were put out, one of which was placed about 33 paces, or 80 feet, ahead of the bus; one beside the bus near the center line of the road; and another about 33 paces behind the bus. One of the school boys who had been riding in the bus was standing about 30 paces behind it with a flash light, guiding and warning traffic, while Umphrey, the operator of the bus, was engaged in repairing the lights on the bus.

The bus had been standing there about 25 minutes before anything happened. One-way traffic had passed in both directions during this period of time. The McCullough Transfer Company outfit pulled up from the south and stopped about 50 feet to the rear of the bus with its lights all burning and clearly visible from the crest of the hill. It had been standing there only a brief time, perhaps one minute, when the collision occurred.

Lucille Glass, the plaintiff, stated that they left Mansfield about 9 o'clock that evening. She was seated directly back of the driver. Mr. Tolley drove as far as Lodi at a normal rate of speed and then "gave the wheel to his wife."

When Mrs. Tolley took charge of the car, she drove much faster than Mr. Tolley had been driving. She was driving at least 60 miles per hour. The plaintiff remarked to Mrs. Tolley: "Don't you think we are going a little fast; that we are in no hurry, we aren't going any place in particular," whereupon, Mrs. Tolley said: "Oh, don't worry, I know how to drive."

As they were going over the brow of the hill she was going "the same rate of speed, fast, it was all fast." As the car went over the brow of the hill, both Mrs. Tolley, the driver, and Lucille Glass, the plaintiff, saw the truck down the hill with lights on it. She did not slow up and when she was about 200 feet back of the

tractor-trailer outfit, she started pulling to the left to pass the truck, but because ''there were lights, a light flagging me down, I immediately assumed that the traffic was stopped, it was blocked, and I pulled back to my right into the lane of traffic, and applied my brake and my foot slipped off the brake.''

The front end of the Pontiac struck the tractor-trailer outfit. At the conclusion of plaintiff's testimony, motions were made by each of the defendants to direct a verdict in their favor and, ultimately, the trial court directed a verdict for all defendants except Tolley. When that transpired, the defendant Tolley moved the court to dismiss the action as to her as the court had lost its jurisdiction over her person. This motion was overruled.

The case went to the jury on the allegations of negligence and wanton misconduct. The jury returned a verdict in favor of plaintiff and against the remaining defendant Tolley for $17,500. The defendant moved for judgment notwithstanding the verdict, which motion was overruled. The defendant then moved for a new trial, and that motion was overruled.

Defendant is now before this court upon 14 assigned errors, the seventh of which reads as follows:

''The court erred in overruling the motion of defendant-appellant, Ortrud Tolley, to dismiss the case as against her after verdicts had been returned and judgments entered thereon for all other defendants for lack of jurisdiction of the court over the person of defendant-appellant, Ortrud Tolley, duly excepted to.''

She is before this court on an appeal on questions of law, seeking a reversal of the judgment of the Common Pleas Court and for final judgment in this court.

Coming directly to assigned error No. 7, the rule is:

Where damage is caused by the joint or concurrent wrongful action of two or more persons, they may be sued therefor jointly or severally. Here is a rider

who, without fault on her part, suffered very serious injuries, and she may seek redress from one, from two, from three, or from all four defendants in this case. She elected to sue all four and lost in her action against three of them but prevailed as against the fourth. She charged three of the defendants with negligence, and the fourth with negligence and wanton misconduct.

On page four of her petition, she alleged:

"Through the unlawful and wanton misconduct of the defendant, Ortrud Tolley, and the negligence and unlawful conduct of the other defendants, as herein specifically set forth, said automobile was caused to forcibly and violently collide with some rear portion of the tractor and semi-trailer aforesaid, and plaintiff was seriously and permanently injured."

And again, in her petition, plaintiff said:

"That solely by reason of the negligence of the defendants herein proximately operating she was injured as aforesaid."

The defendant Tolley could not demur to this petition on the ground that the court had no jurisdiction of the person of the defendant because of Section 11282, General Code. Consequently, she filed an answer. Her answer denies generally facts set out in the petition, excepting numerous admissions. It amounts to a general denial. It alleges no new facts and sets up no new matter requiring a reply. The petition, on its face, shows the defendant Tolley to be properly joined with the resident defendants and, therefore, the question of jurisdiction must be raised by answer.

The petition charges that all four of the defendants owed a common duty to the plaintiff. If there was a common neglect of that duty and she was injured, there is a joint tort with joint and several liability. *City of Mansfield* v. *Bristor,* 76 Ohio St., 270, 81 N. E. 631, 118 Am. St. Rep., 852, 10 L. R. A. (N. S.), 806.

If an injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them, a person injured may elect to sue all parties owing the common duty, or each separately, depending on whether he treats the liability as joint or separate. *Board of County Commrs. of Warren County* v. *Shurts, Admx.,* 10 Ohio App., 219.

The ''common duty'' referred to in this rule must not be misunderstood. It may be merely the duty of two or more persons to exercise due care, and if they fail in such duty and their negligent acts concur in producing the injury, there is a joint liability. 39 Ohio Jurisprudence, 237, Section 28.

In the case at bar, all four defendants were charged with neglecting to perform a common duty owed to the plaintiff. There is only one cause of action. There can be no joint action unless there is a joint liability. All four were joined in this action. Her petition alleged joint liability.

In the case of *Gorey* v. *Black,* 100 Ohio St., 73, 125 N. E., 126, we find in the fourth paragraph of the syllabus the following:

''In order to give the court jurisdiction over joint defendants who are nonresidents of the county where suit is brought and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the defendants on whom valid service is had as well as against the nonresident defendants.''

''[What Torts Considered Joint]. The principal controversy revolves around the problem of what constitutes a joint tort, and on this there is much conflict of opinion. In some cases, it has been stated that where separate acts are committed by separate persons, although a single injury is inflicted, the parties

cannot be held jointly liable to the person injured, but such a rule does not appear to be sanctioned by any Ohio decisions. Stated broadly, the rule in Ohio is that if an injury is the result of neglect to perform a common duty resting on two or more persons, the injured party may, at his election, sue all of the parties owing the common duty jointly, or sue each separately, although there may have been no concert of action between them.'' 30 Ohio Jurisprudence, 768, Section 46.

Also, in the case of *Bucurenciu* v. *Ramba,* 117 Ohio St., 546, 159 N. E., 565, in paragraphs one and two of the syllabus, we find:

''Where the question of the jurisdiction of the court over the person of the defendant is one of fact, not appearing upon the face of the record, objection made thereto by answer of the objecting defendant as his first act in the case is objection at the first opportunity and saves an exception to the jurisdiction.

''Where the jurisdiction of the court to acquire jurisdiction over the person of the defendant by service of summons in a foreign county appears only by the allegations of the petition, a general denial filed by such defendant challenges such jurisdiction, and under such general denial such defendant may at the same time and throughout the trial question both the jurisdiction and the merits of the cause.''

The plaintiff contends that in her petition she clearly set forth separate and distinct acts of negligence of each and every defendant without in any manner expressing combined or joint tort-feasors. If such contention is tenable, her action against defendant Tolley is not ''rightly brought,'' in Mahoning county under Section 11282, General Code, and no summons should have issued against her in Licking county. However, the summons was issued against her and she came into court and filed her answer, which reads as follows:

"Now comes one of the defendants, Ortrud Tolley, and for her separate answer to the petition herein filed by plaintiff, admits that she is a resident of the city of Newark, Licking county, Ohio; that at all times complained of by plaintiff in her petition, defendant operated a certain Pontiac sedan automobile; that route No. 42 is a duly dedicated public highway and extends substantially as alleged by plaintiff in her petition; that at the time of the accident complained of by plaintiff in her petition it was night season; that defendant's co-defendants operated certain motor vehicles upon said highway and at the time of the accident complained of by plaintiff in her petition said co-defendants' vehicles were stopped; that on the 26th day of April, 1947, and in the evening thereof plaintiff was riding as a guest passenger in the Pontiac sedan automobile driven and operated by this answering defendant; that a collision occurred between the automobile operated by this answering defendant and a certain motor vehicle outfit, but defendant expressly denies that the accident occurred in the manner as alleged by plaintiff in her petition.

"Further answering, defendant admits that by reason of said collision plaintiff suffered certain injuries but being uninformed as to the nature or extent of same and for the purpose of requiring strict proof thereof, denies same.

"Further answering defendant denies each and every other allegation contained in plaintiff's petition not hereinbefore expressly admitted to be true.

"Wherefore, this answering defendant, Ortrud Tolley, having answered plaintiff's petition in full prays that same be dismissed and that she be permitted to go hence with her costs."

She not only filed this answer, but she came into court and actively participated throughout the trial.

Query: Did she waive the matter of jurisdiction by so doing?

We believe the case of *Bucurenciu* v. *Ramba, supra,* answers this on page 550, where the court stated:

"The petition of the plaintiff charged a joint tort. But for that allegation, the defect of jurisdiction over the person of the nonresident defendant would have appeared upon the face of the record and would have been subject to a motion. The general denial put in issue every essential averment of the petition. The averment that the tort was committed jointly with Ramba was essential to give the court jurisdiction to hale Cohen into court in Ramba's county."

The petition on its face alleges joint liability and in order to have joint liability there must of necessity be a joint tort. The answer which defendant Tolley filed was a general denial. A general denial puts in issue every material allegation of the petition except those admitted. The pleading was no admission of the court's jurisdiction.

The general denial is coupled with eight specific admissions. The union of these admissions with "further answering, defendant denies each and every other allegation contained in plaintiff's petition not hereinbefore expressly admitted to be true," is sufficient for a valid general denial, since defendant clearly indicated the allegations that it admitted and plainly denied all other matters. This answer was definite and positive and did not require any court to construe it because of its being indefinite or uncertain.

The first opportunity presented to the defendant Tolley to specifically object to the jurisdiction was when the local defendants were discharged, and she promptly took advantage of this opportunity.

When the trial court dismissed both local defendants, it thereby lost all jurisdiction over the nonresi-

dent defendant Tolley. When the trial court directed the jury to return a verdict in favor of the local defendants, that was a determination that the two local defendants were not jointly liable. Until both local defendants were discharged by these verdicts, the nonresident defendant Tolley could not object to the jurisdiction of the Mahoning County Common Pleas Court. As soon as this transpired, she did object by addressing a motion to the court's jurisdiction, which motion was overruled.

We find no error of the court as to its rulings as set forth in assigned errors Nos. 1, 2, 3, 4, 5 and 6. Errors assigned as Nos. 7, 8 and 9 pertain to jurisdiction. Error No. 13 pertains to the question of the capacity in which Lucille Glass was riding, *i. e.*, whether she was a guest or a passenger at the time of the collision. Error No. 15, challenges the presence of wanton misconduct in this case. We believe the record discloses that Lucille Glass was riding that evening as a social guest and not as a paid passenger, and that under the present law of Ohio, there was not substantial evidence tending to prove wanton misconduct on the part of defendant Tolley.

We believe the trial court erred in overruling defendant Tolley's motion to dismiss the case as against her, after verdicts had been returned and judgments entered thereon for all other defendants, for lack of jurisdiction of the court over the person of the defendant Tolley. For the reasons above enumerated, the judgment of the Common Pleas Court is reversed and final judgment is entered for the defendant Tolley.

*Judgment accordingly.*

PHILLIPS, J., concurs.

NICHOLS, P. J., dissenting. From my examination of the petition, I am satisfied there is no joint cause of action stated against the several defendants, and that a demurrer on the ground of misjoinder of causes of action would have been properly sustained, if filed.

I am satisfied further that such misjoinder, having appeared upon the face of the petition, a motion to dismiss on the ground of lack of jurisdiction of defendant Tolley would have been properly sustained.

My position in both these respects is that a cause of action is stated by the operative facts and not by the conclusions appended thereto by the pleader. There are no acts of negligence pleaded against any of these defendants which are applicable to the wanton misconduct of defendant Tolley.

It seems very clear to me that the only liability of defendant Tolley to her guest, Mrs. Glass, is based upon wanton misconduct of defendant Tolley. No allegation in the petition of mere negligence upon the part of a separate defendant would make defendant Tolley liable.

Clearly, the petition states a separate and distinct cause of action against defendant Tolley, and that appears on the face of the petition. It follows that the lack of jurisdiction of defendant Tolley should have been raised at the outset of this case and, not having been so raised, was waived.

There is one other propositon which has caused me to hold that the trial court would not have been in error in failing to dismiss the action against defendant Tolley on jurisdictional grounds. If it could be said that the alleged negligence of the defendant McCullough Transfer Company in stopping upon the travelled portion of the highway a short time before the collision and at a time when the outfit of the McCullough Transfer Company was not disabled in any

manner presented to the jury a question of that defendant's negligence, then it is clear that the defendant McCullough Transfer Company violated the provisions of Section 6307-64, General Code. Whether such negligence was a proximate cause or a proximate contributing cause of the injuries to Lucille Glass was for the jury, and the motion of such defendant for final judgment in its favor should not, in my opinion, have been sustained.

It is interesting to note that the appellant herein has filed the following assignment of error as one of the grounds for reversal of the judgment in this case:

"5. The court erred in directing the jury to return a verdict for defendant, McCullough Transfer Company, and entering judgment thereon, duly excepted to by Defendant-Appellant Ortrud Tolley."

The defendant McCullough Transfer Company is a resident of Mahoning county, where the action was brought.

However, there is a more serious matter involved in this case in relation to the liability of defendant Tolley, and that is whether defendant Tolley was guilty of wanton misconduct which caused the injury to her guest. As stated above, any and all negligence of the other defendants in this action could not have created any cause of action against defendant Tolley. The question then is whether reasonable minds could differ upon the issue of wanton misconduct of the defendant against whom judgment was rendered in this case.

I conclude that reasonable minds could differ upon that issue, and that the cause was properly submitted to the jury as against the defendant Tolley and with great regret I am forced to dissent from the decision of my colleagues.