Taft, J.
Admittedly, the only basis for issuance of summons against defendant Tolley in Licking county in this action in Mahoning county is found in Section *508 11282, General Code, which provides so far as pertinent:
“When the action is rightly brought in any county, according to the provisions of the next preceeding chapter, a summons may be issued to any other county, against one or more of jhe defendants, at the plaintiff’s request * *
Admittedly, some of the defendants, other than defendant Tolley, were properly served with summons pursuant to the provisions of that next preceeding chapter. See Sections 11272 and 11277, General Code.
Since verdicts were directed in favor of these other defendants, defendant Tolley contends that, within the meaning of Section 11282, General Code, this action was not “rightly brought” in Mahoning county and therefore the Mahoning county Common Pleas Court could not acquire jurisdiction over her person pursuant to Section 11282, General Code.
On the other hand, plaintiff contends that, in order to enable a defendant to object to the jurisdiction of the court over his person, such objection must be made at the earliest opportunity. Long v. Newhouse, 57 Ohio St., 348, 49 N. E., 79. Plaintiff further contends that, since her petition did not charge defendant Tolley with a joint tort, nor allege that the tort was committed jointly, defendant Tolley could have raised the question as to jurisdiction of the court over her person by a demurrer to the petition, and, not having done that, waived her right to do so. In other words, it is the present contention of the plaintiff that the allegations of the petition were such as to make it appear on its face that the Mahoning county court had no jurisdiction over the person of defendant Tolley; that the question of such lack of jurisdiction could, therefore, have been raised by a demurrer to the petition (paragraph one of Section 11309, General Code); and that, since that question was not so raised but instead Tolley filed an answer to the petition, she thereby voluntarily *509 submitted herself to the jurisdiction of the Mahoning county court and cannot afterwards be heard to object thereto. Long v. Newhouse, supra. See, also, Section 11311, General Code. The soundness of this contention of plaintiff necessarily depends upon whether the question of lack of jurisdiction of the Mahoning county court over the person of defendant Tolley could have been raised by a demurrer to the petition.
However, in this respect, the question is not whether defendant Tolley and the other defendants were charged by the petition with commission of a joint tort but whether the allegations of the petition were such as to withstand a demurrer on the ground of misjoinder of defendants. If those allegations were such as to indicate that each of the defendants was a proper party and that some could be summoned in Mahoning county, the allegations of the petition would indicate, within the meaning of Section 11282, General Code, an “action * * * rightly brought in” Mahoning county against those who could be and were summoned therein; and would further indicate authority under that statute for issuance of'summons to Licking county against defendant Tolley.
It is elementary that, in determining the sufficiency of a petition on demurrer, the allegations of a petition must be liberally construed in favor of the plaintiff, and the plaintiff must be given the benefit of whatever can, by fair and reasonable intendment, be implied from the allegations of such petition. That rule must-be applied even in an instance such as this, where it may be to the plaintiff’s advantage to have a determination made that her petition was demurrable. In other words, the same principles must be applied, in determining whether a petition is demurrable, where it is to the advantage of a plaintiff to have it determined as demurrable as in the usual situation where such a determination would be to his disadvantage.
In her petition, plaintiff alleged that defendant Tol *510 ley “was guilty of unlawful and wanton misconduct in.” certain respects; and that the other defendants “were careless, negligent and guilty of unlawful conduct in” certain respects. Plaintiff further alleged that “through the unlawful and wanton misconduct of the defendant * * * Tolley, and the negligence and unlawful conduct of the other defendants, as herein specifically set.forth, said automobile was caused to forcibly and violently collide with some rear portion of the tractor and semi-trailer aforesaid, and plaintiff was seriously and permanently injured;” and later alleged “that solely by reason of the negligence of the defendants herein, proximately operating, she was injured as aforesaid.”
If these allegations were established, it is apparent that defendants could be properly joined as defendants. Meyer v. Cincinnati Street Ry. Co., 157 Ohio St., 38, 104 N. E. (2d), 173. It was held in that case that, where damage or injury is proximately caused by independent but concurrent wrongful acts of two or more persons, such wrongdoers may be joined as defendants even though they did not act in concert in the execution of a common purpose. Also, as held in that case, the right of joinder of defendants is not governed by the respective degrees of care which the law requires the wrongdoers to exercise toward the injured person. Therefore, the fact that defendant Tolley was charged in the petition with “unlawful and wanton misconduct in” certain respects although the other defendants were only charged with “careless, negligent and * * * unlawful conduct in” certain respects would not be significant in determining whether they could be joined as defendants.
In Bucurenciu v. Ramba, 117 Ohio St., 546, 159 N. E., 565, this court held that, where the authority of the court to acquire jurisdiction over the person of a defendant by service of summons in another county depends upon the establishment of material facts alleged *511 in the petition, an answer, generally denying such allegations, may be sufficient to raise the question as to jurisdiction over the person of such defendant. In the instant case, the authority of the Mahoning county court to acquire jurisdiction over the person of defendant Tolley by service of summons in Licking-county depended upon the establishment of certain material allegations of the petition; and the answer of defendant Tolley, generally denying those allegations, was sufficient to raise the question of jurisdiction over her person. Then, when the trial court directed verdicts for all the defendants, other than defendant Tolley, it appeared for the first time that those allegations had not been established so that the action had not been “ rightly brought in ’ ’ Mahoning county. That being so, there was no basis, under Section 11282, General Code, or any other statute, for the authority of the Mahoning county court to secure jurisdiction over the person of defendant Tolley by the service had upon her in Licking county. Her next step in this action was her motion to dismiss for lack of jurisdiction over her person. That motion should have been granted.
It is further argued that plaintiff’s action should not be dismissed as against defendant Tolley because the trial court erred in directing a verdict for one of the defendants, other than defendant Tolley, which other defendant had been properly served with summons in Mahoning county. However, judgment was rendered on that directed verdict for that other defendant, and that judgment was not appealed from and determines as between these parties that plaintiff had no cause of action against that other defendant.
After reversing the judgment of the Common Pleas Court, the Court of Appeals should have gone no further than to render a judgment dismissing the plaintiff’s action as against defendant Tolley. The part of the judgment of the Court of Appeals, rendering final judgment for defendant Tolley, should be modified to *512 a judgment dismissing the plaintiff’s action as against defendant Tolley for lack of jurisdiction over her person ; and as so modified the judgment is affirmed.

Judgment modified and, as modified, affirmed.

Weygandt, C. J., Middleton, Matthias, Hart, Zimmerman and Stewart, JJ., concur.