Matthias, J.
The issue in this cause is whether the filing of a demurrer to a petition, including therein grounds relating to the merits of the cause, constitutes a general appearance in *254 the cause so as to give a trial court jurisdiction of the person of the party filing such demurrer.
Tins question arose when the defendant, as its first act in the cause, filed a demurrer to the petition upon the grounds that the petition does not state facts showing a cause of action; that the action was not brought within the time limited for the commencement of such action; and that there was a misjoinder of parties defendant.
These grounds for demurrer appear in subdivisions (J), (I), and (E) of Section 2309.08, Revised Code. Defendant did not specify subdivision (A) of such section, which relates to jurisdiction of the person.
There are several ways in which a court obtains jurisdiction of the person of a defendant. Jurisdiction is acquired by service of process, by the defendant’s consent, or by the defendant’s general appearance in the cause. 14 Ohio Jurisprudence (2d), 539, Courts, Section 124.
Likewise, there are several ways to challenge a court’s jurisdiction of the person. First, there is a special appearance to move to quash service of summons or for the sole purpose of objecting to the jurisdiction of the court over the person of the defendant. Smith v. Hoover, 39 Ohio St., 249; Canton Provision Co. v. Gauder, a Minor, 130 Ohio St., 43, 196 N. E., 634. Second, if the defect appears upon the face of the petition, the objection can be taken by demurrer under subdivision (A) of Section 2309.08, Revised Code. Third, the objection can be taken by answer, if the defect does not appear upon the face of the petition. Drea v. Carrington, 32 Ohio St., 595; Bucurenciu v. Ramba, 117 Ohio St., 546, 159 N. E., 565; Maloney v. Callahan, 127 Ohio St., 387, 188 N. E., 656; Glass v. McCullough Transfer Co., 159 Ohio St., 505, 112 N. E. (2d), 823; Section 2309.10, Revised Code.
It is basic that an attack upon jurisdiction should be made at the first opportunity. Glass v. McCullough Transfer Co., supra. If there is a defect in service of summons, a special appearance by motion to quash can question jurisdiction at the outset. If the defect appears upon the face of the petition, a demurrer solely under subdivision (A) of Section 2309.08, Revised Code, is proper. If the defect does not appear on the *255 face of the petition, then the issue can be raised properly by answer.
Defendant here did not file a motion to quash service of summons but filed a demurrer which relates in part to the merits of the cause. Defendant could have filed a demurrer solely under subdivision (A) of Section 2309.08, Devised Code, because an examination of the petition filed originally in the cause reveals that on its face no joint contract was alleged. Still defendant contends that the part of the demurrer relating to misjoinder of parties defendant raises the question of jurisdiction. However, even if this part can be so construed, it will be of no avail to the defendant if the filing of the demurrer itself, by including grounds relating to the merits, constitutes a general appearance.
Now did the filing of this demurrer constitute a general appearance?
It has been held that the filing of a motion attacking jurisdiction, which motion includes matters relating to the merits of the cause, waives the issue of jurisdiction. Handy v. Insurance Co., 37 Ohio St., 366; Elliott v. Lawhead, 43 Ohio St., 171, 1 N. E., 577; Long v. Newhouse, 57 Ohio St., 348, 49 N. E., 79; State v. Fremont Lodge of Loyal Order of Moose, 151 Ohio St., 19, 84 N. E. (2d), 498.
The fifth paragraph of the syllabus in the case of Elliott v. Lawhead, supra, states:
“The appearance of defendant in court for the sole purpose of objecting, by motion, to the jurisdiction of the court over his person, is not an appearance in the action but where such motion also asks to have the cause dismissed on the ground that the court has no jurisdiction over the subject matter of the action, which motion is not well founded, it is a voluntary appearance, which is equivalent to service of summons.”
Since the filing of a motion relating not merely to jurisdiction but to the merits as well constitutes a general appearance, it follows that the same result should obtain when a demurrer of the same nature is filed. See Evans v. Iles, 7 Ohio St., 233, and Adams v. Hollow Rock Mining & Transportation Co., 108 Ohio St., 358, 140 N. E., 624. Although the filing of a demurrer *256 which attacks solely the jurisdiction of the person does not constitute a general entry of appearance, where such demurrer as to jurisdiction of the person is coupled with an attack on the petition on the basis that it does not state a cause of action, such demurrer relates to the merits of the cause and constitutes a general entry of appearance.
Defendant contends that, under the rule of the Bucurenciu case, supra (117 Ohio St., 546), the question of jurisdiction can be raised here in its answer. We agree that the question can be raised in an answer but it can be done only where the answer is the first opportunity to raise such issue. Here defendant could have raised the issue under subdivision (A) of Section 2309.08, Revised Code, by specifying that ground alone in its demurrer. Although an attack upon jurisdiction can be accomplished by answer where it is the first opportunity, such a case is the only instance where an attack upon jurisdiction can be united with an attack upon the merits of the cause. The filing of a demurrer which relates in part to the merits of the cause constitutes an entry of appearance even though one of the grounds of the demurrer is an attack upon jurisdiction of the person.
The judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas, is correct and is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Radclife and O’Neill, JJ., concur.
Taft, J., concurs in the judgment.
Bell, J., dissents.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.