Hamilton, J.
This is a proceeding in error to the court of common pleas of Hamilton county. The action below was one for personal injuries received by Dana K. Hewston, a boy about ten years of age, as a result of the explosion of some blasting caps picked up by the 'boy in a *14 pasture, where he had gone to drive home a cow. The boy took the caps home, and, not knowing their character, he put some of them on burning coals in the cook range. An explosion followed by which he was severely injured.
The defendant, Joseph A. Byrnes, is a contractor, and about six months prior to the injury had been engaged in making a road. He had used a number of men and teams, and had had a camp on the pasture land .in question. During the progress of the work they had done some blasting and had used percussion caps to ignite the dynamite.
There was a conflict of testimony as to whether the caps which Byrnes had were of the same manufacture as those which the boys found. The defendant offered evidence to the effect that when the caps were purchased they were put in charge of one Dodds, the foreman, and placed in a small house on wheels, which served as his office and sleeping quarters; that on each day, when the blasting was done, the box containing the caps was returned to Dodds, who placed it under lock and key in the house wagon. After all the blasting was finished, defendant’s witnesses testified, the box and the remaining caps were given to another contractor who took them away.
The court submitted to the jury the question of the negligence of the defendant below.
The jury rendered a verdict in favor of the plaintiff, upon which the court entered a judgment against the defendant, who now prosecutes error.
The principal error complained of is that the evidence is insufficient to support the verdict:
*15 There is direct evidence that Byrnes’ employes had been in the field where the caps were found, and that ther.e had been a tool box near the place where the boys picked them up. There is evidence that there was no other work of a similar character being done in the neighborhood. The jury had a right to infer that these caps were the property of Byrnes, and had been carelessly left by him or his servants in the open field.
The real point of difference presented was one of fact — as to whether or not Byrnes was the owner of the caps and was responsible through his agents for the caps being in an exposed place.
The evidence is that some caps were found scattered on the ground near the tool box and were picked up by the boy, Hewston, 'but were taken by another boy. While the Hewston boy found the caps which caused the injury a little distance away, near the cow path, all the caps were found on grounds occupied as camping grounds by Byrnes’ employes six months before.
The trial court submitted the case to the jury upon the theory that the defendant was liable only if he was negligent in the mánner of keeping the caps in question, and no complaint is made of that charge. In this respect it was at least as favorable to the defendant below- as the law required. The jury had a right to find from all the evidence that the caps which the boys picked up were those which had belonged to Byrnes. On the question of negligence in the manner of keeping the caps the authorities show that the fact that they found their way from the possession of the defendant and onto an open field, under circumstances like those here *16 shown by the evidence, has a tendency to prove that a proper degree of care was not used in keeping them. Ordinary care requires that such dangerous instrumentalities should be cared for with the utmost caution, with a degree of caution in fact quite inconsistent with the idea of their being found lying loose upon the ground. (Eckart v. Kiel, 123 Minn., 114, and Mathis v. Granger Brick & Tile Co., 85 Wash., 634.) While the evidence offered on behalf of the defendant tended to an opposite conclusion, the jury were the sole judges of the credibility of the witnesses. Their conclusion, in-' consistent with such testimony, is not necessarily contrary to law.
The judgment is affirmed.

Judgment affirmed.

Shoitl, P. J., and Cusiting, J., concur.