Vaughan, an Infant, Appellant, *v.* Wilkof et al., a Partnership, d. b. a. Wilkof Steel & Supply Co., Appellee.

(Decided May 30, 1940.)

*Mr. John F. Locke,* for appellant.
*Mr. Charles S. Weintraub,* for appellee.

Sherick, P. J.    This appeal questions the propriety of the trial court in sustaining the demurrer of the defendant, appellee herein, to the plaintiff's amended petition.    Plaintiff not desiring to plead further, judgment was entered dismissing the partnership from the action.    The Industrial Silica Corporation was also named as a defendant.    It has answered plaintiff's complaint and now remains as sole defendant.    The petition has considerable length.    We shall state its substance as briefly as possible.

Silica corporation owned or had operated a plant in the city of Massillon.    It had long stood idle.    In December of 1937, it contracted with defendant, a

wrecking concern, to assist it in dismantling the plant. Silica corporation was to supervise the work which was to be done by the crews of both defendants. Much of the construction to be demolished was concrete and steel. It was necessary to use dynamite and percussion caps. The latter explosive is extremely dangerous. It is said that the idle plant was attractive to and used by children for a playground. This defendant knew after the blasting that the toppled structures were specially attractive. A percussion cap was left in a conspicuous place. On October 28, 1938, plaintiff, a boy of 14 years, playing about the ruins, found this cap. He picked it up, then dropped it, and in attempting to regain his find, the cap exploded and he was severely injured.

It is pleaded that defendants knew of the danger of explosives to children and that children would continue to be attracted there for play, and that each and all defendants were negligent in leaving this cap laying about for exploring children to find.

The trial court in a brief memorandum grounded its ruling upon the fact that the accident occurred after the plant was dismantled, and defendant could not be held liable because it had ceased operations, and that it could not be held liable unless it was performing active operations on the premises at the time of the accident.

We would open our discussion of the petition's sufficiency as to the defendant, with quotation of the legal axiom taken from *Hannan, Admr.,* v. *Ehrlich,* 102 Ohio St., 176, 179, 131 N. E., 504, that "there is no liability for negligence unless there was a duty to use due care." This truth prompts two queries: Did the defendant owe plaintiff a duty? And if so, what is the *quantum* of care required? These questions must be answered in the light of pleaded facts.

As we scan this petition, we are of the view that the cause of action is not based upon the theory of an

attractive nuisance; but that its averments in respects thereto only serve the averred fact that defendants knew that the structures on the land had attracted children in the past and would do so in the future, and that it had been and would be frequented by children for play. Proof of these facts might predicate also an inference of permissive use as against a claim of trespass, if that relationship be material. Clearly the gravamen of the complaint lays in the claimed negligence of the defendants in leaving a dangerous explosive in a conspicuous spot in a place known to be attractive to and frequently visited by children of tender years, and the resulting injury to plaintiff.

The doctrine of the turntable cases and its repudiation has been frequently discussed. We find it so in the *Hannan case, supra,* wherein these cases are distinguished from those cases wherein explosives are found by children in places where children are known to visit. In speaking of such a case, *Harriman* v. *P., C. & St. L. Ry. Co.,* 45 Ohio St., 11, 12 N. E., 451, wherein a child found an unexploded torpedo on railway property where people were permitted and known to cross, it was said that this was clearly an unusual condition of which no warning had been given to the child. It might also be very well said that it was wanton negligence to place a torpedo where a little child might pick it up.

We are of firm opinion that the facts pleaded in the matter at issue are without the rule of attractive nuisance, whether active or static, and are not limited to property possessed or occupied at the time by the wrongdoer. For one might leave a dangerous explosive in a public park. Surely it would be no defense for one to say, "I did not leave it on my property or I was not working there." Let us assume that a torpedo company shot a well, and its agent left his nitroglycerine containers about the premises. It is well known that children congregate at such places. Now,

if a child should find and jar one of these cylinders and it exploded and injured the child, could it be said the torpedo company was not liable because it was not upon its property, and it had ceased operation? We think not.

In *Byrnes* v. *Hewston*, 13 Ohio App., 13, a lad found a blasting cap in a field adjacent to a public road, where a road contractor had had his camp. The contractor had used explosives. The boy found the cap near where the contractor's tool box had stood six months after its removal. The cap exploded and injured the boy. The contractor was sued and held liable even though it was not evidenced that the camp site was a place frequented by children. The second paragraph of the syllabus of the case warrants repetition. "Ordinary care requires that dangerous instrumentalities such as blasting caps should be cared for with the utmost caution." If it be of moment, a motion to certify was overruled in this case.

Defendant makes much of *Stark County Agricultural Soc.* v. *Brenner*, 122 Ohio St., 560, 172 N. E., 659. This case was reversed upon statutory grounds and a lack of jurisdiction because of no joint liability. At page 566, it clearly appears that the negligence of De-Michele, who stands in the position now held by defendant, was assumed but not decided. It was held that the society could not be held liable for the act of its sublessee and of which it had no knowledge. We do not think that this case is authority upon any point save one, which is found in the third paragraph of the syllabus. The pleaded facts of this case charge that the defendants "acted in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care of the other."

It is our judgment in the case of injury to children of tender years by dangerous explosives found by them in places where children are known to frequent, that

there exists a well recognized exception to the general rule that one in the occupancy or possession of property owes to a licensee or trespasser only that duty to refrain from wilfully or wantonly injuring him. The exception is in fact of broader scope, for it applies to anyone who negligently handles and disposes of dangerous explosives in places where children congregate irrespective of whether he has or has had possession or occupancy of any certain property.

Sections 18 and 19 appearing in 22 American Jurisprudence, 139 to 145 inclusive, contain much food for thought. We quote but a portion thereof from page 139:

"It is well settled, under the rule stated above, that one who keeps or uses explosives owes a duty, especially to young children who cannot be expected to know and appreciate the danger, to exercise care commensurate with the danger to prevent injury to children who may have access to, or come in contact with, the explosives."

Let it be understood that we are considering only the pleaded facts. We are not discussing cases of children of mature judgment, or a case of where finding amounts to theft, or any other case than the one before us.

It is our judgment that the trial court erred in sustaining the defendant's demurrer to plaintiff's amended petition. Its judgment is reversed and the cause is remanded with instructions to overrule the demurrer.

*Judgment reversed and cause remanded.*

LEMERT and MONTGOMERY, JJ., concur.