discharge the instrument or operate as a bar to the action against the defendant on its warranty.

We find no errors assigned well made.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.

BLISSENBACH, A MINOR, APPELLEE, *v.* YANKO, D. B. A. JAY'S SERVICE DRUG STORE, ET AL., APPELLANTS. (Two cases.)

558

Mr. *David C. Haynes* and Mr. *Theodore T. Macejko,* for appellee.

Mr. *James J. Granito,* for appellant John Yanko.

Mr. *William E. Pfau,* for appellant The DeVilbiss Company.

*Per Curiam.* In this opinion the parties will be called plaintiff and defendants.

Defendant The DeVilbiss Company, a corporation and nonresident of Mahoning county, upon which service was obtained in Lucas county, and defendant John Yanko, d. b. a. Jay's Service Drug Store, separately appealed to this court on questions of law from a judgment of the Court of Common Pleas entered upon a jury verdict for $41,000 against them. This was a joint action, brought against the two defendants as joint tort-feasors, by the plaintiff, an infant, through her mother as her parent and natural guardian, to recover damages for personal injuries caused by their alleged joint negligence.

The appeals were consolidated for hearing and will be considered as one in this opinion.

The defendant company manufactured a "DeVilbiss Electric Steam Vaporizer No. 148," a duly patented double-shelled cylindrical shaped container designed somewhat like a tea kettle to form medicated steam by means of electric current connected with electrodes and used in the treatment of respiratory diseases,

which vaporizer was sold to plaintiff's mother by defendant Yanko.

The vaporizer was fitted with a small aperture to discharge the medicated vapor it produced and was equipped with a loose and easily removable lid.

When she purchased the vaporizer plaintiff's mother advised defendant Yanko that she was going to use it to treat her six-month-old daughter. Thereupon defendant Yanko demonstrated the use of the vaporizer to her, but did not warn her of the freely removable lid, which was apparent, nor did he warn her of the danger of scalding that might result in case it was overturned.

Plaintiff's mother used the vaporizer in treating plaintiff from February 20 to March 2, 1949. On the latter date, as she had done on every previous occasion on which she had used it, she placed plaintiff on the davenport with her head toward one of the arm rests and guarded her from falling by placing a chair with its back toward the davenport. She then covered the plaintiff, the vaporizer which was placed on one of the upholstered arms of such davenport and the back of the chair with a sheet. For no disclosed reason, while the attention of the plaintiff's mother was directed to a conversation with an insurance agent who had called at her home that morning, the vaporizer upset, the lid came off therefrom and the contents thereof spilled upon the plaintiff's arms and body, causing severe burns and permanent personal injuries and disfigurement.

Plaintiff charged defendant company with negligently manufacturing and marketing a vaporizer with a loose and easily removable lid which would come off if and when the vaporizer was overturned. This, she contends, constituted a defectively constructed vaporizer.

Plaintiff charged defendant Yanko with negligently failing to protect her by warning her mother of the conditions and selling such defectively constructed vaporizer.

After overruling the demurrer of the defendant company, filed on the ground of lack of jurisdiction because of misjoinder, the trial judge submitted the case to the jury on the theory that the company and Yanko were joint tort-feasors.

The court was correct in its ruling as this action was rightly brought in Mahoning county, where one defendant, John Yanko, was a resident, and the other defendant, The DeVilbiss Company, resided in Lucas county.

The plaintiff, in good faith, charged both defendants jointly with actionable liability. Section 11282, General Code. In addition thereto the defendant company waived the question of jurisdiction by proceeding to try the case on the merits and taking an appeal to the Court of Appeals. *Foster* v. *Borne*, 63 Ohio St., 169, 58 N. E., 66.

The following interrogatories were submitted to and answered by the jury:

"1. Do you find the defendant, John Yanko, or the pharmacist working in his drug store, negligent in any manner as claimed in the plaintiff's petition? Answer: Yes.

"2. If your answer to the first question is 'yes,' then set forth in what respect the defendant, John Yanko, or the pharmacist was negligent as claimed in the plaintiff's petition? Answer: Yes. That the defendant failed to explain the possibility of the lid coming off consequently spilling its contents if the vaporizer was upset.

"3. If your answer to question No. 1 is 'yes,' was the fact that the lid of the vaporizer was loose and

freely removable apparent to the purchaser? Answer: Yes.

"4. If your answer to question No. 1 is 'yes,' did it require a direct intervening act or force which could not reasonably have been forseen by the defendant, John Yanko, which upset the vaporizer and caused the lid to come off? Answer: Yes."

It is urged by the defendant company, first, that there was no evidence in the record of negligence against The DeVilbiss Company which warranted the trial court in submitting the negligence of this defendant to the jury; second, that there was a misjoinder of parties defendant and service could not properly be secured against The DeVilbiss Company, a nonresident of Mahoning county, in this action brought against the druggist; and, third, that the answers to the interrogatories, especially Nos. 3 and 4, entitled the defendant Yanko to a final judgment and since the only way the action could proceed against the nonresident defendant was predicated upon joint liability, the defendant, The DeVilbiss Company, is entitled to final judgment.

The evidence discloses that the vaporizer was of a standard and conventional type and design; that it was a simply constructed instrument, patented in 1944 and manufactured and merchandized since 1946 by a reputable corporation engaged in the manufacture of like products since 1888; and that if handled properly it would not have caused any injury.

The law exacts of one who puts a force in motion that he shall control it with a skill and care proportioned to the danger created. 20 Ruling Case Law, 51, Section 47.

A dangerous instrumentality shall be cared for with the utmost caution. *Byrnes* v. *Hewston, a Minor,* 13 Ohio App., 13.

If dangerous instrumentalities are entrusted to per-

sons unskilled in their use or unaccustomed to operate them and the owner has knowledge of such incompetency, and the person so using such agency by his negligent operation of the same causes damage to the person, the owner will be held responsible therefor. *Elliott v. Harding,* 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128.

A vaporizer is not such a dangerous instrumentality. It has an important place in the field of modern therapy. The question in this case is the operation of the vaporizer itself. It is not per se a dangerous instrument. It is an instrument of dangerous potentialities if carelessly used. Care must be proportioned to the danger to be avoided. It was not fool proof. Liability in this case rests upon the theory of negligent construction resulting in damage to the infant. There were no latent or hidden dangers in this vaporizer. It was designed with a loose lid because a loose lid provides a natural safety valve whereby the lid is pushed up and the steam released if the aperture with which the vaporizer is provided becomes clogged, either by the chemical deposits or sediments of water and medicaments. The aperture is provided for the emission of the medicated steam.

Plaintiff's mother knew when she purchased the vaporizer that she was purchasing a loose lid vaporizer of simple construction. It was not intended that the top should remain intact at all times. The lid was made to be easily removable, and its weight was all that held it in place.

There is no evidence that the steam generated by the vaporizer caused the lid thereof to come off; no evidence of any latent or hidden dangers in this vaporizer. It was manufactured with a loose lid, displayed as such, and sold as such; the purchaser of it knew that it had a loose lid after her inspection and

after it had been explained to her. She had used it for over a week. Likewise, there is no evidence from which reasonable minds could reach any conclusion other than that the negligence of the mother in the use of the vaporizer was the sole proximate cause of the injuries suffered by the plaintiff.

The motion of the defendants for a directed verdict, made at the conclusion of all the evidence should have been granted, and this court will enter the judgment for the defendants which the trial court should have rendered.

For the reasons mentioned, the judgment of the Common Pleas Court is reversed and final judgment entered for defendants.

*Judgment reversed.*

NICHOLS, P. J., PHILLIPS and GRIFFITH, JJ., concur.