SICKLES, APPELLEE, *v.* POTTS, APPELLANT.

[Cite as Sickles v. Potts (1971), 29 Ohio App. 2d 195.]

(No. 702—Decided October 6, 1971.)

*Mr. Samuel Erskine,* for appellant.
*Messrs. Rowland, Bridgewater & Robe,* for appellee.

STEPHENSON, J. This is an appeal on questions of law from a judgment of the Athens County Court of Common Pleas entered on a verdict of a jury in a suit instituted by Dessa Sickles, plaintiff and appellee herein, and hereafter referred to as plaintiff. Judgment was rendered against Alyce M. Potts, defendant and appellant herein, and hereafter referred to as Potts, and Ruth L. Stotts, hereafter referred to as Stotts. The appeal to this court is by Potts only.

The following errors were assigned:

"1. The court erred in overruling defendant's, Alyce M. Potts, motion at close of evidence of the plaintiff to dismiss the second amended petition against her upon the grounds and for the reason that the court does not have jurisdiction of the person of the defendant as set out in record Page 122, et seq.

"2. The court erred in overruling the motion of the de-

fendant, Alyce M. Potts, to direct the jury to return a verdict for the defendant as shown on Page 129 of the record.

"3. The court erred in overruling defendant's, Alyce M. Potts, motion at the close of all the evidence, both parties having rested, renewing the motion assigned as assignment of error No. 1 and shown in the record on Page 150.

"4. The verdict of the jury is not supported by any evidence.

"5. The verdict is contrary to the evidence.

"6. The verdict and judgment of the court are contrary to law.

"7. The court erred in refusing to submit to the jury for answer special findings of fact submitted by the defendant.

"8. Other errors apparent on the face of the record."

On June 15, 1967, the plaintiff was riding in an automobile owned and operated by defendant Stotts. The vehicle was being operated on State Route 57 in Lorain County, Ohio, and, after stopping at an intersection of State Routes 57 and 76, Stotts pulled into the intersection and turned left. At about the same time defendant Potts was operating an automobile in a southerly direction on Route 76 and a collision occurred between the two vehicles. Plaintiff received serious injuries in the collision.

On December 27, 1967, suit was filed in the Athens County Common Pleas Court seeking recovery for damages for her injuries which she claimed to be permanent, medical expenses, loss of wages and impairment of earning capacity. Summons was served on Stotts by the Sheriff of Athens County, she being a resident of Athens County. At plaintiff's request, summons was issued to the Sheriff of Medina County, who in Medina County, served Potts, a resident of Medina County.

The petition alleged that plaintiff was riding as a passenger in the Stotts' vehicle for consideration, "to-wit: the payment by plaintiff of the trip traveling expense of defendant, Ruth L. Stotts, in the operation of said automobile." The petition alleged that plaintiff's injuries were

"proximately caused and brought about by the negligence of the defendants, which combined in point of time and causation to cause said collision * * *."

The petition alleges, in substance, that Potts was negligent in operating her vehicle at a high rate of speed, that having notice of the Stotts' vehicle she continued to operate at a high rate of speed and made no effort to avoid a collision and caused her vehicle to collide with the Stotts' vehicle. The petition alleged Stotts to be negligent in operating her vehicle into the intersection without first making certain she could do so safely and failing to take safety precautions in respect to the approaching Potts' vehicle.

Both defendants filed answers admitting the highway locations in Lorain County, coupled with general denials of the remainder of the allegations of the petition.

On April 10, 1969, an entry was journalized which recites that the defendant Stotts "now recognizes and hereby acknowledges the joint and several liability of the parties-defendant in respect to the injuries and damages suffered by the plaintiff that were proximately caused and brought about by the negligence complained of in the amended petition.

The entry further recites that Potts had agreed to pay $2,000 to plaintiff in partial payment and *pro tanto* satisfaction of plaintiff's right to recover from Potts. The entry then orders that plaintiff "recover judgment against defendant, Ruth L. Stotts, for the sum of two thousand dollars ($2,000) the same being in partial and pro tanto satisfaction of plaintiff's claim for damages as pleaded and set forth in the petition." Stotts was not dismissed as a party. The entry does not reflect that Potts or her counsel participated in the settlement, nor does the signature of counsel for Potts appear with counsel approving the entry.

Trial commenced on November 23, 1970. Stotts did not defend the action against her but did appear as a witness for plaintiff. Potts appeared with her counsel and conducted a defense. The evidence of plaintiff did not sustain the

claim of the plaintiff that she had paid any consideration for the benefit of her transportation by Stotts, no evidence being offered by plaintiff that she had made any payment to Stotts in any form. The evidence did disclose that both Stotts and the plaintiff, who were good friends, had been invited to the wedding of the plaintiff's granddaughter. Stotts also intended to visit her sons. Stotts testified that "we both had an invitation to the wedding, and I wanted to go see my sons too, so I asked her to go along."

At the close of the plaintiff's evidence, counsel for Potts moved to dismiss the action against Potts on the basis that the court did not have jurisdiction over the person of Potts. The motion was denied, the defendant presented evidence and again renewed the motion on the same ground at the conclusion of all the evidence and it was again denied. The overruling of these motions to dismiss for lack of jurisdiction is the basis for the first and third assignments of error.

The parties urge, and we agree, that although this case was tried after the effective date of the civil rules, since the suit was commenced in 1967, the statutes then in force with respect to venue and jurisdiction control the determination of whether the trial court acquired jurisdiction over the person of Potts.

By the provisions of R. C. 4515.01, venue would have been proper in Lorain County where the accident occurred. It must be borne in mind, however, that suit was not in that county but in Athens County with one defendant, Stotts, being served in Athens County and defendant, Potts, being served in Medina County. R. C. 2307.32 through 2307.39 covers venue in civil actions. R. C. 2307.39 provides in part:

"All actions, other than those mentioned in sections 2307.32 to 2307.38, inclusive, of the Revised Code, must be brought in the county in which a defendant resides or may be summoned * * *."

R. C. 2703.04 provides in part:

"When the action is rightly brought in any county, according to sections 2307.32 to 2307.40, inclusive, of the

Revised Code, a summons may be issued to any other county against one or more of the defendants at the plaintiff's request * * *."

R. C. 2307.19 provides with respect to joinder of defendants, the following:

"Any person may be made a defendant *who has or claims an interest in the controversy adverse to the plaintiff*, or who is a necessary party to a complete determination or settlement of a question involved therein." (Emphasis added.)

In *Meyer* v. *Cincinnati Street Ry. Co.*, 157 Ohio St. 38, it was held that a joinder of wrongdoers is proper, *on the basis of existing interests which are adverse to the injured party*, where an injury is proximately caused by the independent but concurrent wrongful acts of two or more persons, even though the parties were not acting in concert in the execution of a common purpose and, even though the want of care of such wrongdoers may not be of the same character. Looking simply to the *allegations of the petition* herein, the joinder of the defendants was proper and could have withstood a demurrer on the ground of misjoinder of parties had one been interposed. See *Glass* v. *McCullough Transfer Co.*, 159 Ohio St. 505. Suit being brought in Athens County and on the face of the petition the parties being properly joined, the action was at that point "rightly brought" in Athens County since service could and was made on Stotts in Athens County. By virtue of R. C. 2703.04, summons was properly issued in Medina County for service on Potts.

The purpose of R. C. 2703.04, formerly G. C. 11282, is well stated in *Uthoff* v. *DuBrie*, 62 Ohio App. 285 wherein it is stated, at 288:

"The manifest purpose of Section 11282 General Code, is to make it possible for a wronged party in any transitory action like this, to seek his remedy in one action and not be required to pursue it in two or more separate actions in as many other jurisdictions, just because it happens that his wrongdoers reside in different counties in the state."

Also, with respect to R. C. 2703.04, the Ohio Supreme Court stated in *Sharp* v. *Shelby Mut. Ins. Co.*, 15 Ohio St. 2d 134, at 137, the following:

"That section has been interpreted to mean that summons will issue to another county where the petition states a "valid joint cause of action" against the resident and nonresident defendants. *Stark County Agricultural Society* v. *Brenner* (1930), 122 Ohio St. 560, 172 N. E. 659. In paragraph five of the syllabus of that case, this court held:

" 'In order to give the Court of Common Pleas jurisdiction over joint defendants who are nonresidents of the county where suit is brought, and for whom summons has been issued to the county of their residence, the averments of the petition and the proof on the trial must establish a valid joint cause of action against a resident defendant and against such non-resident defendants.' "

As indicated by the above quotation, while allegations of joint liability will justify issuance of the summons, acquisition of jurisdiction of the person of a nonresident defendant still requires that there be *proof* that there is, in fact, joint liability. The rule that an objection based on a lack of jurisdiction over the person must be raised at the first opportunity is, of course, applicable here. Since jurisdiction is dependent upon proof of facts, the first opportunity under the circumstances here was after the presentation of evidence. See *Glass* v. *McCullough Transfer Co.*, 159 Ohio St. 505. If the allegations in the petition of joint liability are not sustained by evidence, jurisdiction is not acquired, and upon motion, the non-resident defendant is entitled to be dismissed, *Dunn* v. *Hazlett*, 4 Ohio St. 435; *Drea* v. *Carrington*, 32 Ohio St. 595; *Gorey* v. *Black*, 100 Ohio St. 73. A general denial to the petition is sufficient to require such proof. The sixth paragraph of the syllabus of *Glass* v. *McCullough Transfer Co., supra,* provides:

"Where the authority of a court to acquire jurisdiction over the person of a defendant by service of summons in another county depends upon the establishment of ma-

terial facts alleged in the petition, an answer, generally denying such allegations, may be sufficient to raise the question as to jurisdiction over the person of such defendant; and where such question as to jurisdiction over the person of such defendant has been properly raised by such an answer and where it later appears that the plaintiff has failed to establish the material facts so alleged and where such defendant forthwith requests the court to dismiss the action for lack of jurisdiction over his person, such motion should be granted.''

The rule set forth in this syllabus had its origin in *Bucurenciu* v *Ramba*, 117 Ohio St. 546. The force of these decisions giving venue requirements jurisdictional effect are negated by the civil rules. See, specifically, the last paragraph of Rule 3 (E).

Tortfeasors are jointly liable and a joint judgment is allowed only where, because of their relationship, concert of action, or independent but concurrent action, each defendant is vicariously responsible for the wrongful acts of the other to the extent of the entire damage. See *Larson* v. *Cleveland Railway Co.*, 142 Ohio St. 20. Thus, even though joint liability is pleaded, no jurisdiction attaches over a non-resident defendant if the evidence will not justify a joint judgment.

Did the *evidence* in this case disclose joint liability on the part of the defendants? Clearly, it did not. Stotts' liability as a joint tortfeasor was precluded by R. C. 4515.02, the guest statute. Without detailing the evidence, it established nothing to convert plaintiff's status to other than a simple guest who could not recover from a host driver for negligence and neither did it establish any wanton and wilfull misconduct on the part of Stotts. Hence, as far as the evidence was concerned, Stotts was not liable. Concluding that Stotts was not liable, it follows that there was no joint liability and the action was not ''rightly brought'' in Athens County against Stotts to justify foreign service on Potts. This would be so even if, as here, there is evidence justifying a jury finding that the plaintiff was wrongfully injured by the negligence of the nonresident defendant. See *Gorey* v. *Black*, 100 Ohio St. 73 at 80,

This case appears novel because of the fact that Stotts did not attempt to defend the action against her and confessed liability, as a joint tortfeasor. As we understand plaintiff's position, the requirement of proof of joint liability is recognized. Plaintiff appears to argue, however, that the confession of liability by Stotts and her payment of $2,000 conclusively established her liability in this case, not only to herself as a joint tortfeasor but such, also, made the confession of liability binding on Potts. While we do not dispute the right of plaintiff to release *pro tanto* a joint tortfeasor, we do disagree that such precludes a non-resident defendant from asserting a defense of lack of jurisdiction over his person based upon an assertion of no joint liability.

Were we to adopt plaintiff's position, we would be allowing venue to be determined by some of the parties to the detriment of another. Judge Donahue in his dissenting opinion, in *Gorey* v. *Black*, 100 Ohio St. 73 at 86, appropriately stated the following:

"The venue of an action is not fixed by arrangement, agreement, or waiver of some of the parties thereto. It is fixed by the statute of Ohio."

Were it otherwise, a plaintiff could fix venue in any county by pleading joint liability with a friendly resident defendant who could confess judgment and thus insulate the truthfulness of such joint liability from court determination.

The determination that there is no joint liability may rest upon disputed facts, in which event the jury makes such determination and, if the verdict is in favor of the resident defendant, the court lacks jurisdiction over the non-resident and the verdict against the non-resident cannot stand. *Bucurenciu* v. *Ramba, supra.* The determination may be required to be made, however, as a matter of law by the court. Thus, in *Glass* v. *McCullough Transfer Co., supra,* the resident defendants being dismissed on directed verdicts, the court was required to dismiss the non-resident without submitting issues regarding him to the jury. In the instant case, the resident defendant, Stotts, had, prior to trial, admitted liability and, hence, there was no

motion for a directed verdict on her behalf. By our view, this was immaterial. The critical question is not what course of action Stotts took with respect to the action against her, but whether under the pleadings and evidence the defendants were jointly liable. The motion of Potts required the trial court to determine if, under the evidence presented, joint liability on the part of the parties had been proven. Under the undisputed evidence it had not and prejudicial error intervened in the court's refusal to grant the motion.

In this case, even though the consent judgment of $2,-000 was entered against Stotts before trial, she was not dismissed as a party, and the question of liability and damage against both her and Potts was submitted to the jury. We question the propriety of maintaining Stotts as a party after judgment had been entered, by consent, against her. Plaintiff's cause of action against Stotts was merged in the judgment. Whether she was in or out as a party, jurisdiction over Potts was still dependent upon proof by plaintiff of joint liability. In *Maloney* v. *Callahan*, 127 Ohio St. 387, the resident defendant was dismissed prior to trial. The record was insufficient to determine why he was dismissed. The court upheld a judgment as to the non-resident defendant, holding that the fact of his dismissal standing alone did not establish non-liability and that an affirmative showing that the dismissal was based on nonliability or misjoinder was required before the judgment could be set aside.

The court in *Maloney* made it clear, however, that if there was not joint liability with the resident defendant, there could be no valid judgment against the non-resident defendant.

The plaintiff asserts additionally that where there is a resident defendant and a non-resident defendant, the non-resident defendant waives any question of the jurisdiction of the court over him because of a lack of joint liability where he proceeds to try the case on its merits and takes an appeal from an adverse judgment. Reliance is placed upon *Blissenbach* v. *Yanko*, 90 Ohio App. 557. In

our view, such reliance is misplaced. The *Yanko* holding is based upon the decision of the Ohio Supreme Court in *Foster* v. *Borne,* 63 Ohio St. 169. In *State, ex rel. Rhodes,* v. *Solether,* 162 Ohio St. 559, the Ohio Supreme Court held that the rule in *Foster* v. *Borne* was decided under the old appellate procedure of petition in error and appeal, and the present appellate procedure made the *Foster* case holding now inapplicable. The court relied on *Ohio Electric Ry. Co.* v. *U. S. Express Co.,* 105 Ohio St. 331; *Bucurenciu* v. *Ramba, supra,* and *Glass* v. *McCullough Transfer Co., supra,* and held that if an objection to jurisdiction is raised at the first opportunity and overruled, a defendant need not rely solely on that defense but may make a full defense without waiving such objection either in the trial or appellate courts.

We have considered the remaining assignments of error and find them not to be well taken and they are overruled.

The judgment herein is reversed for the reason that the trial court did not have jurisdiction over the person of the defendant Potts, and final judgment is entered as to her solely upon that ground.

*Judgment reversed.*

ABELE, P. J., and GRAY, J., concur.